## J. P. MORGAN v. L. M. TIMS.

### Decided November 24, 1906.

**1.—Landlord and Tenant—Unsigned Contract.**

In a suit by a tenant against his landlord for illegally suing out a distress warrant, the issue as to what the rental contract was was the vital issue; the contract was reduced to writing and handed by the landlord unsigned to the tenant with the request to look over it, and sign it, and return it; the tenant never signed the writing, but kept it and produced it on the trial; the landlord offered to testify that the tenant told him shortly after receiving the writing, that it was all right. Held, the testimony was competent as an admission against interest; and the writing was admissible with the other evidence relating thereto for the jury to determine whether or not it embodied the contract.

**2.—Allegation by Defendant—Implied Denial—Evidence.**

Where the defendant tenders an issue by his pleading the law implies a denial by the plaintiff, and the plaintiff may introduce testimony to disprove such issue without pleading to that effect.

**3.—Landlord's Lien—Intent to Defraud.**

When the tenant commits an act which gives the landlord a right to a distress warrant the intent on the part of the tenant to defraud the landlord is immaterial.

**4.—Tenant—Duty to Repair.**

In the absence of an agreement to the contrary it is the duty of a tenant to make necessary repairs on the rented premises.

**5.—Distress Proceedings—Reconvention—Separate Suit.**

The defendant in a distress proceeding may either reconvene in that suit or file a separate suit for damages.

Appeal from the County Court of Upshur County. Tried below before Hon. M. B. Briggs.

*Barnwell & Eberhart,* for appellant—When it was shown that Tims had, without the consent of Morgan, sold part of the cotton raised on the rented premises, the law gave Morgan the absolute right to sue out the distress warrant, and it was highly prejudicial to the rights of appellant to permit appellee to testify that he did not intend to defraud appellant, and that he lived on the proceeds of the cotton sold. Rev. Stats., arts. 3236-3240; Burger v. Rhiney, 42 S. W. Rep., 590.

No evidence can be legally admitted of a fact not averred. The plaintiff not having alleged that by the terms of the rental contract he was to have the first bale of cotton free from the landlord's lien, it was reversible error to permit him to so testify. Morris v. Kasling, 79 Texas, 145; Tinsley v. Penniman, 83 Texas, 54; New York Steamship Co. v. Island Boating Assn., 2 Texas Civ. App., 490.

In the absence of an express agreement to the contrary it is the duty of the tenant to keep the fences around the rented premises in repair during the term of the lease. Taul v. Shanklin, 1 W. & W. Civ. Cases, sec. 1138, p. 644; Perez v. Raband, 76 Texas, 191; Andrews v. Jones, 36 Texas, 149; Weinsteine v. Harrison, 66 Texas, 546; Goedeke v. Baker, 28 S. W. Rep., 1039; 18 Am. & Eng. Ency. of Law, 2d ed., p. 215, and notes.

*Warren & Briggs,* for appellee.

RAINEY, CHIEF JUSTICE.—L. M. Tims, as plaintiff, sued J. P. Morgan to recover damages for the alleged illegal and unjust suing out of a distress warrant. A trial resulted in a judgment in favor of plaintiff.

The plaintiff rented land from defendant upon which to make a crop and the main controversy arises upon the rental contract. Plaintiff contends that under the terms of the contract defendant was to fix and keep in repair the fence around the rented premises, which is denied by defendant, and also that plaintiff was to have the exclusive benefit of the first bale of cotton gathered off of said premises, which was denied by defendant. On the trial the issue as to what were the terms of the contract was sharply contested. It seems that one Glover was to write the contract between the parties. He did write a contract and handed it to Morgan, who did not sign it, but handed it to Tims with the request to look over it and sign and hand it back to Morgan. Tims never signed the contract, but kept it and had it at the trial. The reason Tims gives for not signing the contract is that it did not contain the contract as agreed upon.

Defendant Morgan offered to testify in his own behalf, which was

rejected by the court, "that about two or three weeks after he gave said writing to plaintiff he (plaintiff) told defendant that Bill Hitt had read same to him and that same was all right." The rejection of this testimony was error. This testimony tended to show an admission against plaintiff's interest, and it is a universal rule that admissions against interest are admissible when pertinent to the issue. There was other testimony tending to show that Tims had recognized the writing as the contract made between him and defendant, and what the terms of the contract were, was a vital issue in the case. The defendant offered the writing in evidence, which upon objection, was excluded. This was error. The writing not being signed by the parties was not conclusive of the contract, but it should have gone to the jury with the other evidence in connection therewith, for the jury to determine whether or not it embodied the contract of the parties, and if the jury had determined that said writing was agreed upon, then its terms would show the contract between the parties.

The court permitted, over defendant's objection, the plaintiff to prove by himself that it was agreed in the contract that he, plaintiff, was to have the first bale of cotton. This was objected to on the ground that plaintiff had not pleaded such a stipulation, which ground was true. Plaintiff, before the suing out of the distress warrant, had removed the first bale from the rented premises and sold it. Defendant in his answer plead that said bale was removed and sold without his consent, and for this reason plaintiff claims that the law implies a denial of such allegation by plaintiff and that such evidence was admissible. We are inclined to this view, but had plaintiff alleged such a stipulation in his petition setting up such fact in reply to defendant's answer such a question would not have arisen.

It was error for the court to permit Tims to testify that he did not sell the first bale of cotton with intent to defraud the defendant. This was not an issue in the case. If there was no agreement that he should have the first bale of cotton, then defendant had the right to distrain plaintiff's crop, and defendant would not be liable for so doing. So it is immaterial whether plaintiff in selling intended to defraud or not.

The defendant requested a charge to the effect that in the absence of an agreement to the contrary it is the duty of the tenant to keep the fences around the rented premises in repair during the terms of the lease. This announces a correct principle of law, and under the circumstances of this case should have been given. Whether or not there was such an agreement was a question for the jury.

The defendant contends that in the distress proceedings a judgment foreclosing the distress warrant was had and that such judgment was *res adjudicata* as to the right of plaintiff to recover in this suit. We do not concur in this contention. There is nothing in the record to show that the plaintiff here reconvened in that suit for damages, and the foreclosure there only prohibits him from showing defects in the affidavit, bond, writ, etc., necessary in procuring the writ. In other words, such judgment is only conclusive as to the regularity of the proceedings, and does not estop the plaintiff from showing that the grounds authorizing distress proceedings did not exist and that the writ was unjustly sued out. The plaintiff here had not only the right to reconvene for damages

in that suit, but, not doing that, he could bring a separate suit for his damages that the distress warrant was "illegally and unjustly" sued out.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*