PORTER et al. v. ROGERS et al.   (No. 453.)*

Court of Civil Appeals of Texas.   Waco.
March 3, 1927.

Rehearing Denied March 31, 1927.

**1. Trusts 42—In suit for interest in land alleged to be held in trust, unsigned will of alleged trustee held admissible to prove trust agreement.**

Unsigned will, not offered as a will but only to show trust agreement between maker of will and her husband, *held* admissible in suit wherein plaintiffs claimed an interest in land alleged to have been held by person making will as trustee.

**2. Evidence 370(1)—Written documents, not shown to have been executed by party charged therewith, are usually inadmissible.**

As a general rule, a written document is not admissible in evidence unless it is shown to have been executed by the party charged therewith. ·

**3. Evidence 382—Where evidence establishes reasonable probability that instrument offered is what it purports to be, question becomes one for jury.**

Where there has been established that there is a reasonable probability that an instrument offered in evidence is what it purports to be it then becomes a question of fact for the jury under proper instructions.

**4. Witnesses 149(2)—Testimony of plaintiff, claiming interest in land, of statements of alleged trustee's deceased husband, held admissible to show trust agreement, notwithstanding statute (Rev. St. 1925, art. 3716).**

Rev. St. 1925, art. 3716, prohibiting a party from testifying in actions by or against heirs and personal representatives as to statement by testator, *held* inapplicable to testimony of plaintiff, claiming interest in land, of statements of alleged trustee's deceased husband tending to show trust agreement.

**5. Witnesses 138—Testimony of disinterested witness as to conversations with alleged trustee and husband, both deceased, held admissible to show trust agreement (Rev. St. 1925, art. 3716).**

Rev. St. 1925, art. 3716, providing that party in actions by or against heirs and personal representatives cannot testify as to statement by testator, *held* inapplicable to testimony of disinterested witness as to conversations had with alleged trustee of land and husband, both deceased.

**6. Estoppel 92(1)—Acceptance of brother's portion under will of alleged trustee held not to estop plaintiffs from claiming that land not mentioned in will was held by testatrix in trust.**

Plaintiffs bringing suit for interest in land were not estopped from asserting that such land was held in trust by accepting their brother's portion under will of alleged trustee, when they refused to accept portions left to them individually and the land was not disposed of in the will and no portion was ever claimed by the executor.

**7. Partition 46(1)—Where all parties interested in real estate are not before court it cannot be partitioned (Rev. St. 1925, arts. 6083, 6086).**

Under Rev. St. 1925, arts. 6083, 6086, land cannot be partitioned on suit of party interested unless all the interested parties are before the court either as plaintiffs or defendants.

**8. Partition 55(2)—Petition showing only right to interest in land held not to authorize partition.**

Partition of property *held* not authorized by petition which only alleged facts establishing that plaintiffs had an interest in the property.

**9. Appeal and error 1172(2)—Erroneous judgment of partition held severable from judgment establishing plaintiffs' interest in land.**

Judgment decreeing partition of property being severable from portion of judgment establishing plaintiffs' interest in the land, its reversal *held* not to necessitate reversal of entire cause.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Suit by Mrs. Kate Rogers and others against Mrs. Jennie M. Porter and others. Judgment for plaintiffs, and defendants Mrs. Tyson and husband alone appeal. Affirmed in part, and reversed and remanded in part.

Bartlett, Carter & Rice, of Marlin, and Henderson, Kidd & Henderson, of Cameron, for appellants.

Cecil R. Glass, of Marlin, and Pat M. Neff and Jos. W. Hale, both of Waco, for appellees.

BARCUS, J. This suit was instituted by Mrs. Kate Rogers and husband and Mrs. Willie Rogers and husband against appellants Mrs. Tyson and husband, and against Jeff Kemp, executor of the estate of Lizzie B. Wilson, deceased, and against Mrs. Jennie Porter, to establish a one-tenth interest in and to 1,291 acres of land in Falls and Bell counties, Texas, which they claimed was held in the name of Mrs. Porter and Mrs. Tyson. The plaintiffs below further asked in their petition for a partition of the property. The cause was tried to a jury, submitted on one issue, and, based on the answer of the jury thereto and further findings of the court, judgment was entered in favor of Mrs. Willie Rogers and Mrs. Kate Rogers for one-tenth of the land, together with a decree appointing commissioners to divide same. Mrs. Tyson and husband alone have appealed.

The appellees, Mesdames Willie and Kate Rogers, who were plaintiffs below, alleged that in 1884 W. S. G. Wilson, by warranty deed, conveyed to his wife, Lizzie B. Wilson, the 1,291 acres of land in controversy, together with several thousand additional

---

acres, being practically the entire estate of said Wilson and his wife with the understanding and agreement between Mr. and Mrs. Wilson that she would hold, use, and enjoy said property during her lifetime, and at her death the same should be divided one-half to his (Mr. Wilson's) brothers and sisters and one-half to her (Mrs. Wilson's) brothers and sisters. They alleged that Mrs. Wilson, at the time the deed was executed, delivered to and accepted by her, agreed to said arrangement and agreed that said property should be so divided. Appellees alleged that Mr. and Mrs. Wilson had no children; that Mr. Wilson had five brothers and sisters and Mrs. Wilson had five brothers and sisters, naming them, that each of the ten, under said contract and agreement, was to receive an undivided one-tenth interest in said property, and that if any one of said ten was deceased, that the heirs of the deceased were to receive the portion that would have gone to him.

The trial court submitted the following issue to the jury:

"Prior to or at the time of the execution of the deed of May 17, 1884, from W. S. G. Wilson, to Lizzie B. Wilson, was it agreed by and between them as a consideration for same that she should hold the property therein conveyed during her natural life, and upon her death should leave one half of said property to the five brothers and sisters of said W. S. G. Wilson, or their heirs at law, and the other half thereof to the five brothers and sisters of said Lizzie B. Wilson, or their heirs at law?"

—to which the jury answered, "Yes." The record shows that appellees Mesdames Rogers were the sole heirs of Green Wilson, one of the five brothers and sisters of W. S. G. Wilson, and that Mrs. Porter was the sister of Mrs. Wilson and Mrs. Tyson was the sole heir of another of the sisters of Mrs. Wilson. The other four brothers and sisters of Mr. Wilson and the three remaining brothers and sisters of Mrs. Wilson were not parties to this suit. The record shows that W. S. G. Wilson died in 1896, and that in 1919, Mrs. Lizzie B. Wilson, his wife, by deed of gift conveyed the 1,291 acres to her two sisters, Jennie Porter and Ida Powell, and that after the deed was executed Mrs. Wilson had the same placed of record and then retained the deed and retained the use and control of the land until her death in 1921. In 1922, after Mrs. Wilson's death, Mrs. Porter and Mrs. Powell divided the 1,291 acres of land, Mrs. Porter taking one half and Mrs. Powell the other half. The trial court found that while the legal title to the property was conveyed by Mr. Wilson to his wife in 1884, that she held same in trust for her five brothers and sisters and Mr. Wilson's five brothers and sisters, one-tenth belonging to each. The court further found that the deed from Lizzie B. Wilson to Mrs. Porter and Mrs. Powell was a deed of gift and that neither

of them was an innocent purchaser. The trial court found that Mrs. Porter had conveyed all of the land which she received in the division between herself and Mrs. Powell except 16 acres, and that Mrs. Tyson, the sole heir of Mrs. Powell, had conveyed all except 435 acres of the land which she had received in said division, and the court rendered judgment for the Mesdames Rogers for 129 acres of land, and appointed appraisers to divide same, and directed that same be carved out of the unsold portion of the land which had been conveyed to Mrs. Porter and Mrs. Powell. Mrs. Tyson and husband alone appealed.

[1] Appellants complain of the action of the trial court in permitting the plaintiffs below to offer in evidence a purported will of Mrs. Wilson, over their objection that the document was not signed by Mrs. Wilson, was not in her handwriting, appeared to be a typewritten instrument, and because there was no evidence to show that it was ever executed by her or that she ever adopted same as her will or that its contents were satisfactory to her or that it came from her possession. The record shows that the instrument was drawn in the form of a will for Mrs. Wilson, and same appeared to be a very ancient document. It appeared that it was a complete instrument except for a closing paragraph and signatures of the testator and the subscribing witnesses. It consisted of a number of typewritten pages, fastened together, and it appeared that the final sheet had been torn away. The record further shows that at the time of Mrs. Wilson's death in January, 1921, her papers were contained in a box at her home; that her sister, Mrs. Powell, the mother of Mrs. Tyson, took charge of all of Mrs. Wilson's papers and took the same to the attorneys who represent appellants in this case; that among said papers so delivered by Mrs. Powell to said attorneys there were five wills that had been executed by Mrs. Wilson, the first one dated in 1914 and the last in 1920, and, in addition thereto, the instrument which was offered in evidence. Under the provisions of the unsigned will, Mrs. Wilson had, in effect, disposed of the property by giving one-half to her brothers and sisters and one-half to the brothers and sisters of her husband, and said instrument was offered as a circumstance to establish the alleged agreement made between Mr. and Mrs. Wilson. There appeared to have been a few changes made in the instrument, particularly with reference to the names and initials of certain of the beneficiaries, and some of the witnesses testified that these changes were made, in their opinion, in the handwriting of Mrs. Wilson. The question as to whether Mr. Wilson and his wife had made the agreement as alleged by plaintiffs was the controlling issue in controversy. No one was claiming any rights under or by virtue of the instrument and it was not being offered as a probated will, neither was it being

offered as the will of Mrs. Wilson. Her last will, which she executed in 1920, had been probated as her last will and testament, and under its provisions a comparatively small portion of the property had been left to the brothers and sisters of Mr. Wilson, and no portion of the 1,291 acres involved in this controversy was in any way bequeathed, same having been several years prior thereto by deed of gift conveyed to Mrs. Porter and Mrs. Powell.

[2, 3] As a general rule a written document is not admissible in evidence unless it is shown to have been executed by the party charged therewith. Henry v. Vaughan, 46 Tex. Civ. App. 531, 103 S. W. 192; Quanah, A. & P. R. Co. v. Drummond (Tex. Civ. App.) 147 S. W. 729; 22 C. J. 929. Where it has been established by the evidence that there is a reasonable probability that the paper offered in evidence is what it purports to be, it then becomes a question of fact to be determined by the jury under proper instructions. 22 C. J. 967; Robertson v. Talmadge (Tex. Civ. App.) 174 S. W. 627; Beaumont Pasture Co. v. Preston, 65 Tex. 448; Jackson v. Nona Mills Co., 61 Tex. Civ. App. 141, 128 S. W. 928; Henderson v. La. & Tex. Lumber Co., 61 Tex. Civ. App. 136, 128 S. W. 671. Where there is sufficient evidence to raise the issue as to whether an unsigned instrument was approved by the parties charged therewith or expresses the agreement as made by the parties, it is admissible in evidence as a circumstance tending to prove the contract or agreement. Morgan v. Tims, 44 Tex. Civ. App. 308, 97 S. W. 832; Rogers v. Rogers (Tex. Com. App.) 240 S. W. 1104. In this case a number of witnesses testified that they had heard Mrs. Wilson during her lifetime state, in substance, that the agreement made between her and her husband was that the property was to be divided between his brothers and sisters and her brothers and sisters and that she had made a will to that effect, and witnesses had also testified to conversations which they had heard between Mr. and Mrs. Wilson during their lifetime with reference thereto. The evidence shows that the instrument was delivered by Mrs. Powell, Mrs. Wilson's sister, with her other wills and papers, to the attorneys who probated the will of Mrs. Wilson and who represent appellants. It was shown that Mrs. Powell was dead. Under the entire record as revealed, we do not think there was any error in the court's action in admitting the instrument in evidence.

[4] Appellants complain of the action of the trial court in permitting Mrs. Willie Rogers, one of the plaintiffs, to testify that prior to the time the deed was made by Mr. Wilson to his wife in 1884 she heard Mr. Wilson state, in substance, that he wanted to give Lizzie's (his wife's) people one-half and his people one-half; that he wanted Lizzie's people to share equally with his people. They contend that said testimony is prohibited by article 3716 of the Revised Statutes, which prohibits a party from testifying in actions by or against executors, administrators, guardians or heirs or legal representatives in which judgment may be rendered for or against them as such, as to any transaction with or statement by the testator, intestate, or ward. We overrule this assignment. We do not think this suit comes within said statute. The basis of appellees' suit is that the property was conveyed by Mr. W. S. G. Wilson, the brother of their father, to his wife, Mrs. Lizzie Wilson, in trust, to be held by her until her death, and at her death one-half to go to his brothers and sisters and one-half to her brothers and sisters. They were not seeking to recover as heirs, as we understand that word, but were seeking to recover property that had been placed in Mrs. Wilson's name in trust for their deceased father. Prior to Mrs. Wilson's death she had by deed of gift conveyed the property to Mrs. Porter and Mrs. Powell, and it was not listed as any portion of her estate; neither did the administrator of her estate in any way attempt to administer thereof. If it could be said that Mrs. Rogers was prohibited under said article from testifying, we do not think the testimony is sufficient to authorize a reversal of this case. The record shows that on cross-examination the attorneys for appellants had Mrs. Rogers to again testify to the conversation and to again repeat what had been said in her presence with reference to said conversation. The record further shows that a number of other witnesses had testified to having heard the same or similar conversations or statements made by Mr. Wilson prior to the time he executed the deed in 1884. We do not think the evidence was subject to the objection urged in appellants' brief.

[5] Appellants complain of the action of the trial court in permitting W. A. Barclay to testify with reference to certain conversations which he heard and had with Mr. and Mrs. Wilson. They contend that said conversations were prohibited by article 3716 of the Revised Statutes. We overrule this assignment. Mr. Barclay was not in any way a party to the suit and said article could not in any way affect the admissibility of his testimony.

[6] Appellants contend that plaintiffs were not entitled to recover because they had accepted under the will of Mrs. Wilson. We overrule these assignments. The record shows that the plaintiffs below and their brother, Dee Wilson, were the sole heirs of their father, Green Wilson, a brother of W. S. G. Wilson, deceased, and that under Mrs. Wilson's will each of the three children of Green Wilson was left a comparatively small bequest; that at the time of Mrs. Wilson's death the said Dee Wilson was a very sick man and was never able to either ratify or disaffirm the bequest that had been made to

him. After Mrs. Wilson's death Dee Wilson died. The record is silent as to how long he lived after her death. Plaintiffs below, as the sole heirs of their brother, inherited his property, and the amount that would have been paid to him under the will of Mrs. Wilson was paid to and accepted by plaintiffs. Plaintiffs refused to accept any portion of the estate that was left to them individually under said will and refused to be in any way bound thereby. We do not think that an acceptance by them of the estate which belonged to their deceased brother at the time of his death could in any way be construed as an acceptance under the will or that they could thereby be estopped from claiming that the property held by Mrs. Porter and Mrs. Tyson was held in trust for them. Further, we do not think that the question of estoppel is raised in this case, since the land involved in this controversy was not in any way disposed of by Mrs. Wilson in her will and no portion thereof was at any time claimed by the executor of her estate.

[7-9] Appellants by a number of assignments of error complain of the action of the trial court in decreeing a partition of the property and in directing the 129 acres awarded to plaintiffs below to be carved out of the unsold portion of the 1,291 acres that was still in the name of Mrs. Porter and Mrs. Tyson. We sustain these assignments. It seems to be a well-settled principle of law that a partition suit cannot be maintained unless all the parties interested in the real estate to be partitioned are before the court, either as plaintiffs or defendants. Articles 6083 and 6086, Revised Statutes; Holloway v. McElhanney Co., 14 S. W. 240.[1] Plaintiffs below pleaded fully the facts with reference to the various parties who might be entitled to an interest in the 1,291 acres of land under the contract as made between Mr. and Mrs. Wilson, and gave a list of the parties at interest. Their petition on its face was not sufficient to support or authorize a partition of the property. Under their petition the only right they had that could be determined was as to their ownership of an undivided one-tenth interest in and to said property, and the trial court was not authorized under the pleadings or the proof or the finding of the jury to decree a partition of the property and a segregation to the plaintiffs below of their one-tenth of the 1,291 acres. This portion of the judgment as entered by the trial court, being severable from the other provisions thereof, does not necessitate a reversal of the entire cause.

The judgment of the trial court decreeing that appellees Mrs. Kate Rogers and Mrs. Willie Rogers are the owners of an undivided one-tenth interest in the 1,291 acres of land, described in plaintiff's petition as having been conveyed by Mrs. Lizzie B. Wilson to Mrs. Porter and Mrs. Powell, is in all things affirmed. The judgment of the trial court awarding a partition of the property is reversed and remanded to the trial court for further proceedings.