## OLIVER FARM EQUIPMENT SALES CO. v. GREGORY.

### No. 3533.

Court of Civil Appeals of Texas. Amarillo.
Oct. 15, 1930.

Morgan, Culton, Morgan & Britain, of Amarillo, and Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

C. D. Russell and Kinder & McMath, all of Plainview, for appellee.

RANDOLPH, J.

Appellee, Gregory, filed suit in the district court of Bailey county, Tex., against the appellant company to recover damages for personal injuries growing out of an alleged breach of warranty on certain machinery sold appellee by appellant, in the sum of $2,500. He further asks for $12 doctor's bill, $40ᴜ for loss of grain that was eaten or destroyed by wild ducks while he was disabled, together with $75 for loss of time.

Shortly after the filing of this suit for damages by appellee in the district court of Bailey county, the appellant filed suit in the Ninety-Fifth district court of Dallas county, Tex., on May 1, 1930, against the appellee on four certain notes aggregating $895, with interest and attorney's fees, together with the foreclosure of a chattel mortgage on a threshing machine for which the notes sued on had been given as a part of the original purchase price. The appellee thereupon, on May 27, 1930, filed an amended original petition in this cause in the district court of Bailey county, Tex., which petition contains the same allegations as set forth in his original petition, and in addition thereto prays that an injunction be granted by the district court of Bailey county, Tex., restraining appellant from the further prosecution of the suit pending in the Dallas county district court. The application for injunction was granted and the writ issued and served upon appellant. Appellant thereupon filed its motion in this cause in the district court of Bailey county to dissolve the injunction theretofore granted, which motion to dissolve was by the trial court overruled and appeal had from such order to this court.

The appellee's suit for the above-stated damages was based upon injuries alleged to have been inflicted on him in the handling and use by him of a threshing machine sold by appellant to him, which injuries were alleged to have been caused by the breaking of a pulley and by a piece thereof striking the appellee in the face, injuring his eye and nose. There was no mention of the notes and lien retained by the appellant upon the threshing machine and no prayer for any relief except for his damages and costs. The amended petition filed in the Bailey county district court alleges his injuries and damages, and also alleges his contract of purchase of a threshing machine from the appellant company, alleging that he had executed the notes sued on by appellant in the district court of Dallas county, that he did not pay the note first due, and that appellant thereupon filed the suit in the district court of Dallas county.

The appellant admits in open court that the district court of Bailey county has jurisdiction of the suit for damages.

From this statement it can be seen that the suit filed in the district court of Bailey county did not in any way involve appellee's liability upon the notes sued on in Dallas county until he filed his amended pleading in the Bailey county district court, which was subsequent to the filing of the suit by appellant in Dallas county.

The cause of action as stated in the original petition filed in the Bailey county district court was purely one for damages arising out of the injuries claimed by the appellee to have been occasioned him by his use of the defective machinery, with no prayer for further relief which in any way involved the notes given as consideration in the transaction. Hence, when the appellant filed its suit in the district court of Dallas county, no other court had acquired jurisdiction of the subject-matter of that suit. Blume v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 225 S. W. 831, writ denied.

We therefore reverse the judgment of the trial court, and remand the cause to that court, with instructions to sustain the motion to dissolve the injunction granted in this cause.