**STOUT et al. v. NAVARRO COUNTY LEVEE IMP. DIST. NO. 6 ex rel. ATWOOD et al.**

No. 1978.

Court of Civil Appeals of Texas. Waco.

April 29, 1937.

Rehearing Denied May 27, 1937.

A. R. Stout, of Ennis, for appellants.

Richard & A. P. Mays, of Corsicana, and Felix Atwood, of Ennis, for appellees.

ALEXANDER, Justice.

Navarro County Levee Improvement District No. 6, on the relation of Mrs. Stella Atwood, joined pro forma by her husband, E. K. Atwood, brought several separate suits in the district court of Navarro county against various landowners in the district to recover taxes due said levee improvement district. Mrs. Atwood was alleged to be the owner of approximately 90 per cent. of the bonds of the district. These suits will be referred to for convenience as the "tax suits." In one of these suits brought against Mrs. C. E. Kimbell and Phillip Minken, the defendants, by way of cross-action, sought to have E. Raphael and Mrs. Mamie Cerf made parties to said cross-action on the ground that they were claiming some interest in the bonds of the district, and further alleged, in substance, tha one of the landowners in the district, J. P. Freeman, had entered into an agreement with the said E. Raphael by which said Raphael was to secure a loan from the Reconstruction Finance Corporation of the United States government in an amount sufficient to take up the outstanding bonds of the district; that it was understood that the bonds of said district could be bought at approximately 10 per cent. of their face value; and that Raphael was to acquire said bonds at said reduced price and then secure the loan from the Reconstruction Finance Corporation and have the bonded indebtedness refinanced at a lower rate of interest and more convenient payments. It was alleged that Freeman, in making said agreement, was acting for the benefit of the other landowners in the district. It was further alleged in effect that Raphael had breached his contract and had conspired with Mrs. Atwood and Mrs. Cerf, and instead of buying the bonds for the benefit of the landowners within the district had in fact bought the same for the benefit of Mrs. Atwood and Mrs. Cerf. Said defendants sought to ingraft a parol trust on said

bonds for their use and benefit. After the court had sustained exceptions and demurrers to said cross-action, said defendants were permitted to and did withdraw said cross-action and take a nonsuit thereon without prejudice. Final judgments were later entered in each of said tax suits and no appeal was prosecuted therefrom. Shortly thereafter, all those who were defendants in the various tax suits in Navarro county joined with T. J. Kelsey, J. P. Freeman, and Willie Johnson, supervisors of the levee improvement district, in bringing a suit in the district court of Ellis county, being cause No. 16311, against E. Raphael, E. K. Atwood and wife, Mrs. Stella Atwood, and Mrs. Mamie Cerf, in which they alleged substantially the same facts as had been previously alleged by Mrs. Kimbell and Mr. Minken in their cross-action in the tax suit in Navarro county, and upon said allegations sought to ingraft a parol trust on the bonds of the levee improvement district. In addition thereto, they sought an injunction to restrain the defendants from selling said bonds and thereby placing the same beyond the jurisdiction of the court and also sought to enjoin the enforcement of the tax judgments previously recovered against them in the district court of Navarro county. This suit will be referred to as the Ellis county suit. Shortly after the filing of the Ellis county suit, the Navarro County Levee Improvement District No. 6, Mrs. Stella Atwood, and her husband, E. K. Atwood, E. Raphael, and Mrs. Mamie Cerf filed in the district court of Navarro county the suit here under consideration, joining as defendants therein those who were plaintiffs in the Ellis county suit, together with A. R. Stout, who was an attorney therein. The plaintiffs alleged the recovery of the judgments in the tax suits, and that subsequent thereto the defendants herein had filed the Ellis county suit and had sought to enjoin therein the enforcement of the judgments previously rendered in said tax suits. They prayed for a temporary and permanent injunction restraining the defendants from further prosecuting the Ellis county suit. The trial court, after a preliminary hearing, granted the temporary injunction as prayed. The defendants appealed.

■ From the foregoing facts, we think the trial court was well within its rights in enjoining the defendants herein from prosecuting in the district court of Ellis county a suit to enjoin the enforcement of the judgments for taxes that had previously been recovered in the district court of Navarro county. The district court of Navarro county had jurisdiction over the parties and the subject-matter involved in the tax suits and had entered valid judgments therein, from which no appeal had been prosecuted. It is not alleged that said tax judgments were invalid. In fact, the defendants herein concede that they have no defense to said tax judgments. The right to enforce the tax judgments had become res adjudicata between the parties and the defendants in said tax suits had no right to go into another district court of co-ordinate jurisdiction and secure an injunction restraining the enforcement of said judgments. R.S. art. 4656; 11 Tex.Jur. 775, 789; Gohlman, Lester & Co. v. Whittle, 115 Tex. 9, 273 S. W. 806; Railroad Commission v. McDonald (Tex.Civ.App.) 100 S.W.(2d) 155, par. 2, and cases therein cited.

■ However, we think a different rule applies with reference to the defendants' right to prosecute a suit in the district court of Ellis county to ingraft a parol trust on the bonds of the district as the result of the alleged agreement between Freeman and Raphael and to enjoin a sale of the bonds pending a trial of that suit. It should be noted that the cross-action filed by some of the defendants in one of said tax suits, seeking to ingraft the parol trust on said bonds, was later dismissed, so that that issue was not before the district court of Navarro county at the time the judgments were rendered in the tax suits. Scherff v. Missouri Pacific Ry. Co., 81 Tex. 471, 17 S.W. 39, 26 Am.St.Rep. 828. It is true that the pleadings filed by the plaintiffs in said tax suits alleged that Mrs. Atwood owned approximately 90 per cent. of the bonds of the district and the general denial filed by the various defendants therein joined issue thereon, but the title to the bonds was only incidentally involved in the tax suits. The district court of Navarro county was not called upon in the tax suits to pass on the right of the defendants herein to engraft a parol trust on the bonds of the district, nor to enjoin a sale of said bonds pending a hearing on said issue, and the prosecution of a suit in the district court of Ellis county for that purpose will in no wise interfere with the enforcement of the judgments previously rendered in the tax suits in the district court of Navarro county. 11 Tex. Jur. 777; 26 Tex.Jur. 190, 199; Oliver Farm

Equipment Sales Co. v. Gregory (Tex.Civ. App.) 31 S.W.(2d) 838

The judgment of the trial court, in so far as it enjoins the defendants from prosecuting a suit in the district court of Ellis county to restrain or interfere with the enforcement of the judgments previously entered in the tax suits in Navarro county, is affirmed. In all other respects, the judgment of the trial court is reversed and the injunction is dissolved.