### ANGLE v. SHINHOLT et al.
### SHINHOLT et al. v. ANGLE.
#### No. 8394.

Circuit Court of Appeals, Fifth Circuit.
June 7, 1937.

Rehearing Denied July 1, 1937.

See, also, 90 F.(2d) 297.

J. B. Hatchitt, of Wichita Falls, Tex., for W. M. Angle.

Pinckney G. McElwee, of Jefferson, Tex., for H. B. Shinholt and T. G. Jackson.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal and cross-appeal from a final decree of the District Court declining to enjoin the enforcement of a judgment for Shinholt rendered in a state court of Texas against Angle, and, in the alternative, for additional relief by way of an accounting for services and expenses, if the injunctive relief could not be obtained. The injunction was denied, but the accounting was granted and recovery allowed thereon. Angle appeals from the denial of the injunction, and Shinholt and Jackson appeal from the allowance of specific items in the accounting.

The bill alleged that Shinholt had obtained a judgment against Angle, for the recovery of a one-fourth interest in an oil lease and for an alleged debt of a former partner of Shinholt in the oil well drilling business, and that this judgment was fraudulently obtained by the introduction in evidence of forged documents and perjured testimony. It further alleged that the forged documents and testimony were prepared, planned, and developed long prior to the trial, and that they were used and produced in such manner as to deceive and impose upon the court and to prevent and suppress every effective defense to the action, and that every legal remedy had been exhausted in an effort to avoid the enforcement of the judgment, there being no other remedy except the injunction sought by the bill.

In the alternative, the bill sought to have charged against the property as a whole the sum of $17,500, alleged to have been expended by Angle in the drilling of a second oil well for the benefit of the leasehold estate, or $27,500, the alleged value of the well; to have Angle, as the major owner of the property, given exclusive management and control. It further prayed that an accounting be had as to the cost of operation and the value of services rendered, in order that both interests bear their proportionate parts of these burdens; that the amounts found to be due by Shinholt be charged against his interest in the lease; that the lien thus imposed be foreclosed; and that the funds collected and impounded by trustees previously selected by the parties to manage the property, pending the determination of the rights of the litigants, be paid over to Angle.

Shinholt moved to dismiss the bill, and, in the alternative, denied the allegations, but joined in the prayer for an accounting, denying the right of Angle to reimbursement for items accruing prior to the rendition of the judgment. The decree appealed from dismissed the bill as to the relief sought against the judgment in the state court, but awarded recoveries and allowances determined in the accounting, both as to charges and expenses incurred before the rendition of the judgment in the state court, and as to items originating thereafter. These awards seem to be amply sustained by the evidence, as to the amounts, and it is unnecessary to detail the facts further than as above stated.

Two questions are presented by this appeal; first, whether or not the District Court had equitable jurisdiction to relieve against a judgment of a state court of Texas procured through the use of forged documents and perjured testimony on the trial; and, second, whether or not the judgment of the state court precluded further adjudi-

cation of the rights of the parties, by virtue of their interest in the leasehold estate, on the basis of rights accruing or transactions had prior thereto.

■ As to the first of these questions, it is well settled in federal jurisprudence that equity will not relieve against a judgment obtained by fraud unless it appears that the fraud was extrinsic; that is, unless it prevented a trial of issues determinative of the controversy. U. S. v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Graham v. Boston, H. & E. R. Co., 118 U.S. 161, 6 S.Ct. 1009, 30 L.Ed. 196; U. S. v. Beebe, 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563; Pickford v. Talbott, 225 U.S. 651, 32 S. Ct. 687, 56 L.Ed. 1240. However, it is contended that in this case the frauds alleged must be considered extrinsic, since under the Texas jurisprudence such frauds are considered proper subjects for equitable relief, if and when the forgeries and perjuries are prepared and planned in advance of the trial, and take the adversary by surprise, so that he is unable to expose or combat them.

■ According to the contention of appellant, the Texas courts hold that there has been no adversary trial of the issues so determined, and that equity will relieve against the fraud. Numerous Texas decisions are cited in support of this rule. The contention is then made that, since the right to relief under the facts alleged is recognized in Texas, it must be granted in the federal courts sitting in that state. Cf. Cowley v. Northern Pacific Ry. Co., 159 U.S. 569, 16 S.Ct. 127, 40 L.Ed. 263; Payne v. Hook, 74 U.S. (7 Wall.) 425, 19 L.Ed. 260. It is not necessary for us to determine the Texas rule on the subject. No statute of that state is relied upon as conferring the right to the relief sought. Whatever the result reached by the Texas courts, it was in their determination of the common law; but matters of general law are determined by the federal courts for themselves, the holdings of state courts being persuasive in the absence of a settled federal rule. Thus, the Texas courts may arrive at one conclusion and the federal courts at another. Sweat v. Atlantic Coast Line R. Co. (C.C.A.5) 81 F.(2d) 492; F. W. Woolworth Co. v. Wilson (C.C.A. 5) 74 F.(2d) 439, 98 A.L.R. 681; Hewlett v. Schadel (C.C.A.4) 68 F.(2d) 502, 91 A. L.R. 743.

■ Frauds perpetrated on the trial of the cause by means of perjured testimony and forged documents are not extrinsic within the meaning of the rule as recognized and established in the federal courts, but are an integral part of the trial, and the determination of the issue is merged into and becomes a part of the judgment. U. S. v. Throckmorton, supra; U. S. v. Beebe, supra; Pickford v. Talbott, supra; Hughes v. U. S. Borax Company (C.C.A. 9) 286 F. 24.

As to the second question, we have seen that the action in the state court was to recover an undivided one-fourth interest in a leasehold estate. Inquiry as to any fact or transaction which would have defeated the claim would be precluded by the judgment. The claims sought to be enforced here are not such as would have defeated the judgment in the possessory action, but are such as require a recognition of its validity. This is true even if the amounts should exceed the value of the interest recovered. In other words, the right of Angle to recover these items and charge them against the estate in the land arises out of the adjudication of the interest found to be vested in Shinholt.

Under the Texas law, it may be conceded that the broad defensive remedy of reconvention was available to Angle, though no such procedure existed at common law. The question then becomes whether, in Texas, failure to plead in reconvention for services and improvements in a possessory action for land precludes further litigation for the value of such services and improvements after rendition of final judgment in the possessory action. No authority is cited, nor does it appear that the query thrown out in Powell v. Davis, 19 Tex. 380, has ever been answered by a case in point.

■ Since the judgment urged as a bar is from a Texas court, it must be accorded the full faith and credit given it under the law of that state. It may be stated as a general rule under Texas jurisprudence that, while affirmative demands may be set up by cross-action, failure of the defendant to avail himself of this right is no bar to his demand. Hermann v. Allen, 103 Tex. 382, 128 S.W. 115; Browne v. Rowe, 10 Tex. 183; Waggoner v. Knight (Tex.Com.App.) 231 S.W. 357. Thus, in an action for purchase money, a judgment

for plaintiff does not bar a claim for breach of warranty not pleaded as a defense. Browning-Ferris Machinery Co. v. Thomson (Tex.Civ.App.) 55 S.W.(2d) 168; Sewall Paint & Glass Co. v. Booth Lumber & Loan Co. (Tex.Civ.App.) 34 S.W.(2d) 650, affirmed Sewell Paint & Glass Co. v. Booth Lumber & Loan Co. (Tex.Com.App.) 50 S.W.(2d) 793. Where a judgment was rendered in favor of the plaintiff in an action for insurance premiums, it was held to be no bar to an unasserted claim for rebate in accordance with the contract. Providence-Washington Insurance Co. v. Owens (Tex.Civ.App.) 210 S.W. 558. Where a defendant in distress proceedings did not plead in reconvention for the wrongful swearing out of the warrant, a judgment against him did not preclude his action for damages. Morgan v. Tims, 44 Tex.Civ.App. 308, 97 S.W. 832. These instances are by no means exhaustive. For additional illustrations, see 26 Tex.Jur. 173. The general rule seems to be that the subsequent action is not barred unless facts necessary to its maintenance were adversely established in the former proceedings. 34 C.J. 866, § 1277. It has also been pointed out that, under Texas law, one having a right should be able to try it in his own way, and not have some method not of his choosing thrust upon him by his adversary. 26 Tex.Jur. 434, 435, citing Freeman on Judgments (5th Ed.) vol. 2, p. 1665.

Apart from these considerations, it does not appear that Angle's rights have been enhanced, or those of Shinholt prejudiced, by the method followed in this case. To have tied the question of Shinholt's interest in the land to the value of the services and improvements, and the rights of the parties therein, might have prolonged the controversy and increased the expense of the determination of this basic issue. If Angle was defending in good faith, and did not believe that Shinholt had any interest in the land, he should not have encumbered the record with what he believed to be irrelevant issues and useless proceedings. Certainly he should not be penalized for not doing so where no prejudice has resulted. We see no reason why the former judgment should be considered a bar.

For the reasons stated above, the judgment of the district court, both on direct and cross-appeals, is affirmed.