### LANDA v. ISERN et ux.

#### No. 11212.

Court of Civil Appeals of Texas. San Antonio.

Nov. 18, 1942.

Rehearing Denied Dec. 23, 1942.

See, also, Tex.Civ.App., 149 S.W.2d 631.

Johnson & Rogers, of San Antonio, and Seabury, Taylor & Wagner, of Brownsville, for appellant.

Carter & Stiernberg, of Harlingen, for appellees.

NORVELL, Justice.

This appeal involves a question of res judicata. The case is a Rio Grande Valley land fraud suit. Appellees, Alfred W. Isern and wife, Meta Isern, residents of the State of Kansas, brought this action for damages against E. C. Bacon, of Cameron County, Valley Citrus Groves of Texas, a defunct Texas corporation, and Harry Landa, a resident of Bexar County, alleging that defendants had entered into a conspiracy to sell lands in Cameron County to purchasers by means of false and fraudulent representations of facts, and that as a result of such misstatements made in pursuance of said conspiracy appellees, on August 14, 1935, had been induced to purchase Lot No. 6, and enter into an option agreement covering Lot No. 13, which was afterwards consummated and said lot purchased by appellees.

Lots Nos. 6 and 13 contained ten acres each and were described according to a map of Valley Citrus Groves Company subdivision of a part of the Galveston Ranch, La Feria Grant, Cameron County, Texas. This map bears date of July 22, 1935, and Valley Citrus Groves Company is therein described as owner of the subdivision.

Upon the trial Bacon appeared as a witness for appellees, and by stipulation it was agreed that Bacon had made seven misrepresentations of fact which were relied upon by appellees. Landa categorically denied all responsibility for Bacon's frauds, maintaining that on August 14, 1935, he was not the owner of Lots Nos. 6 and 13, but, on the contrary, was merely the holder of a lien or mortgage thereon. Appellees' theory of recovery in part was that upon said date Landa was the owner of said lots and had authorized Bacon to sell said lands. It is undisputed that prior to January 1, 1935, Landa did own some 150 acres of land including said Lots Nos. 6 and 13. By instrument bearing date of January 1, 1935, Landa purportedly conveyed 150 acres of land, including said lots, to Valley Citrus Groves Company of Texas, a corporation dominated and controlled by E. C. Bacon. This deed recited the execution by the grantee of six promissory vendor's lien notes due respectively on the first day of January of the years 1936 to 1941, inclusive, aggregating the sum of $9,400. The deed was not acknowledged until August 29, 1935, and was filed for record on October 4, 1935. Revenue stamps affixed thereto were cancelled on October 2, 1935.

Appellees contend that the judgment of the trial court may be supported by other theories than that which involves an ownership of Lots Nos. 6 and 13 by Landa on August 14, 1935, but we may here limit our discussion to that theory. The verdict of the jury upon its face supports a recovery upon the hypothesis that Landa was the owner of the lots involved upon the date above mentioned.

■ It is elementary that one seeking damages as a result of a fraud practiced upon him is not precluded from showing that one sought to be held for damages was the actual beneficial owner of the land sold, although the apparent legal or record title is in the name of another. American Rio Grande Land & Irrigation Co. v. Barker, Tex.Civ.App., 268 S.W. 506. Appellees sought to establish that Landa was the actual and beneficial owner of the lands by pleading and procuring jury findings to the effect that although the deed from Landa to Valley Citrus Groves Company of Texas was dated January 1, 1935, it was not delivered so as to become effective until after August 14, 1935. In answer to Special Issue No. 1, the jury found that the deed from Landa to Valley Citrus Groves of Texas was delivered after August 14, 1935. In response to numerous subsequent issues, the jury found that Landa, expressly or impliedly, authorized Bacon to make various misrepresentations to appellees, which according to the stipulation of the parties were actually made by Bacon.

Appellant presents fifteen points. All of them are dependent upon the validity of the jury's answer to Special Issue No. 1, in that they are either directly predicated upon the proposition asserting that said answer can not be considered, or are of such a nature that, even if sustained, no reversible error would be shown unless it be also held that such answer must be disregarded.

Appellant asserts that the issue of whether or not Landa owned the land involved on August 14, 1935, was settled adversely to appellees' contention and the jury's finding, by a prior adjudication of the District Court of Bexar County, in cause No. B–91503, on the docket of the 73rd District Court, styled Henry Landa v. Valley Citrus Groves of Texas et al. In this suit Landa declared upon the prom-

issory notes described in the deed to Valley Citrus Groves of Texas, dated January 1, 1935, hereinabove mentioned, and sought a foreclosure of his lien against the 150 acres conveyed to said Valley Citrus Groves Company, which tract included the twenty acres purchased by appellees. The allegation of Landa's petition relating to defendants, Alfred W. Isern and Meta Isern (appellees here), was that they, as well as other parties named, were "claiming some character of title or interest in and to the above described real property or some part thereof, said right, title or interest claimed to have been acquired by, through or under the defendant, Valley Citrus Groves Company of Texas, or otherwise, the exact nature of which claims this plaintiff is unable to determine, but which, in any event, are inferior to and subject to the plaintiff's vendor's lien and deed of trust lien hereinabove described and set out, and plaintiff is entitled to have said liens established and foreclosed as against all of said defendants."

Appellees, as defendants in said Cause No. B–91503, filed a plea of abatement which was overruled by the court. The Iserns making no further appearance, a judgment nihil dicit was rendered against them as well as all other defendants on January 13, 1939. By this judgment Landa was awarded a money recovery against Valley Citrus Groves Company for the amount of his notes together with a foreclosure of his vendor's lien "as it existed on the first day of January, 1935," against the property involved "as against * * * Alfred W. Isern and Meta Isern, * * *"

Appellant contends the foreclosure of the lien as it existed on January 1, 1935, is an adjudication that Landa had a valid lien on the property from and after said date and therefore Landa was not the owner of the property on August 14, 1935.

■ As the cause of action asserted in the Bexar County suit was not the same as that involved in this appeal, the estoppel of the judgment rendered in cause No. B–91503 is limited in application. Said judgment operates as an estoppel only as to the points or questions actually litigated in the former suit. 30 Am.Jur. 925, § 180.

■ It is well settled that as to "points which came only collaterally under consideration, or were only incidentally under cognisance, or could only be inferred by arguing from the decree, * * * the

rule [of res judicata] does not apply." Hopkins v. Lee, 6 Wheat. 109, 114, 5 L.Ed. 218. See also North Carolina Railroad Company v. Story, 268 U.S. 288, 45 S.Ct. 531, 69 L.Ed. 959.

■■ We are of the opinion that the date of the inception of the lien sought to be foreclosed by Landa in the Bexar County suit, as well as the effective date of the deed executed by him to the citrus groves company was at most only incidentally involved, insofar as the relief sought by Landa against the Iserns was concerned. While the Iserns may have been in possession of facts which if presented to the Bexar County Court would have defeated Landa's asserted superiority of his lien over their interest in the lands involved, they were under no compulsion to do so. The Iserns, assuming they had been defrauded, could elect to affirm the contract of purchase and sue for damages. This course they did pursue. In the Bexar County suit, the introduction of the notes in evidence, together with the deed dated January 1, 1935, established a prima facie case against Valley Citrus Orchards Company of Texas calling for a money judgment, together with a foreclosure of a lien as of January 1, 1935. The Iserns not desiring to contest the foreclosure of the lien, but electing to sue for damages, were certainly under no compulsion to contest Landa's prima facie case and show that the inception of Landa's lien as against the maker of the notes was of a date different from January 1, 1935, in order to prevent their being bound in the subsequent litigation of a different cause of action by an inferential and argumentative finding that from and after January 1, 1935, Landa did not own the land purchased by appellees. As a matter of fact, since appellees in the Bexar County suit did not elect to contest the asserted superiority of Landa's lien, evidence from the Iserns tending to contradict Landa's prima facie showing as to the date of the inception of the lien would seem immaterial insofar as any controlling issue between Landa and the Iserns in the Bexar County suit was concerned.

For the reasons stated, we hold that none of appellant's points present reversible error and the trial court's judgment is accordingly affirmed. Philipowski v. Spencer, 63 Tex. 604, 607; Stout v. Navarro County Levee Imp. Dist. No. 6 ex rel. At-

wood, Tex.Civ.App., 105 S.W.2d 774; 26 Tex.Jur. 199, § 445.

Judgment affirmed.

On Motion for Rehearing.

■ As pointed out in our original opinion, Landa, in the Bexar County action, sought certain relief against Valley Citrus Orchards of Texas, i. e., a money judgment and a foreclosure of his lien. The relief sought against the Iserns was not identical with that sought against the maker of the notes, but was limited to a foreclosure of the lien as against the Iserns. The mere fact that the Iserns were named parties to the suit against the Valley Citrus Orchards did not make the issues identical as to all parties.

The granting of the ultimate relief prayed for by Landa as against the Iserns did not bar an assertion of a demand by the Iserns for damages based upon fraudulent representations. McCord-Collins Commerce Company v. Levi, 21 Tex.Civ. App. 109, 50 S.W. 606; Standefer v. Aultman & Taylor Machinery Company, 34 Tex.Civ.App. 160, 78 S.W. 552; Angle v. Shinholt, 5 Cir., 90 F.2d 294; 26 Tex. Jur. 169, §§ 433, 434.

■ But appellant contends that the recital in the decree that Landa's lien be foreclosed as it existed on January 1, 1935, is necessarily based on a finding that Landa made a bona fide sale to Valley Citrus Orchards on January 1, 1935, and that from and after said date Landa was not the owner but, on the contrary, was a "good faith bona fide lien holder on the land in question." We can not agree with this argument. The date of the inception of the lien was primarily an issue between Landa and the maker of the notes. It was determined by a contract between Landa and Valley Citrus Orchards. The Iserns were strangers to this agreement, and it is well settled in Texas that a contract as between the parties may be construed as giving rise to a certain relationship between them, but that such construction will not necessarily be followed when the rights of third persons are involved. Paschen v. Lovett, Tex.Com.App., 255 S. W. 385; Gulf Refining Co. v. Rogers, Tex. Civ.App., 57 S.W.2d 183. The Iserns, in order to save their cause of action based upon fraudulent representations, were not required to litigate over the construction of the contract as it affected their rights, in the Bexar County suit, for, after all,

"everyone having a right of action should be enabled to try it his own way and a rule requiring him to litigate it at the option of his adversary might deprive him of the value of it." 26 Tex.Jur. 172; Freeman on Judgments, 5th Ed., Vol. 2, p. 1665.

As the Iserns were not required to contest the ultimate relief (a foreclosure) sought by Landa against them, we are unwilling to hold that it was nevertheless necessary that they contest an immaterial (as to them) subsidiary or collateral fact issue, in order to preserve their cause of action. We adhere to our holdings expressed in the original opinion and overrule appellant's motion for rehearing.