## J. C. SEIBER v. JOHNSON MERCANTILE COMPANY.

### Decided November 18, 1905.

**1.—Bill of Exception—Insufficiency.**

Where the bill of exception does not show affirmatively that the judge of an adjoining district who granted an application for certiorari had not been designated by the Governor to act in the place of the regular judge who was disqualified, the question whether or not a judge of one district can grant a writ of certiorari to a justice of the peace of another district is not presented for consideration.

**2.—Same.**

Where a bill of exception does not show that the deposition had been on file for the requisite time under the statute to require a motion in writing to suppress it, the action of the court in sustaining a verbal motion during the trial to strike out an answer in said deposition because not responsive to the interrogatory, can not be reviewed.

**3.—Conflicting Testimony—Peremptory Charge—Error.**

In a suit to recover a sum of money alleged to have been paid by mistake, the evidence being conflicting, it was error to give a peremptory instruction.

**4.—Intemperance of Bookkeeper—Pertinent Testimony.**

Where a question was raised as to the correctness of defendant's books of account, it was error to exclude testimony as to the drinking habits of defendant's bookkeeper.

**5.—Settlement—Ignorance of Fact.**

A settlement made in ignorance of a material fact is not conclusive between the parties.

**6.—Setoff—Res Adjudicata.**

The rule of law that matters which ought or might have been included in a former suit between the parties can not be made the basis of a subsequent suit, has no application where the matter claimed to be merged in the former judgment is a set-off or counterclaim.

Appeal from the District Court of Roberts County. Tried below before Hon. B. M. Baker.

*Coffee & Kelly,* for appellant.—Where there is testimony to show that plaintiff had paid money for a purpose specified, which is denied and defended on the ground that he had gotten value received, which was denied by plaintiff, it raises the issue of fraud, which may be proven by circumstantial evidence, and requires its submission to the jury in proper form. And the fact that the parties may have had a settlement subsequently thereto, but before its discovery by the plaintiff will not estop him from recovering said amount if the jury so find. 69 Texas, 288; 2d W. & W., 381, 509; 44 S. W., 897, and 1st W. & W., 8, 42, 43, 44; 30 S. W., 950, 951; 46 Texas, 390; 18 Texas, 337; 53 Texas, 92.

*H. E. Hoover,* for appellee.—The judge of a judicial district other than the one in which the suit is pending has the authority to grant the writ of certiorari to remove a case from the Justices Court to the District Court, where the judge of that district is disqualified from granting the writ, and has expressed his disqualification upon the application. Sayle's Statutes, arts. 341, 342, 1669; Ray v. Parsons, 14 Texas, 370.

Matters which ought, or might have been included in the original suit between the parties, can not form the basis of a subsequent suit. Brown v. Renfro, 63 Texas, 602; James v. James, 16 S. W. Rep., 1087; Van Fleet, For. Adj., 231-355.

SPEER, ASSOCIATE JUSTICE.—This cause originatel in the Justice Court of Precinct No. 1 of Roberts County, and was instituted by the appellant to recover the sum of $190 alleged to have been paid by him

to the appellee upon account, and that by reason of fraud, accident or mistake he was never credited with the sum, or any part of it, but otherwise paid the account in full. From an adverse judgment in the Justice's Court the defendant attempted to appeal to the District Court of Roberts County, the County Court jurisdiction having been diminished, but on motion of this appellant its appeal was dismissed, whereupon it presented its application for certiorari to the judge of the District Court for said county, who held himself to be disqualified to try the case. The application was then presented to and granted by the Honorable Ira Webster, judge of the Forty-seventh District. A jury was impanelled, but after hearing the evidence the special judge before whom the case was tried instructed a verdict for the appellee, upon which judgment was entered and appellant has appealed for a revision of the errors assigned.

The first assignment calls in question the action of the court in overruling the appellant's plea to the jurisdiction of the court or motion to dismiss the certiorari because the writ was granted by a district judge other than for the county of Roberts. The bill of exceptions upon which this assignment is predicated shows no error. If it be true that the case should be directed by article 1069, Sayles'· Civil Statutes, providing for the notification of the Governor of the judge's disqualification and his designation of some district judge in an adjoining district to try the case, it nevertheless does not appear from the bill that such course was not pursued and Judge Webster directed by the Governor to hear this matter. The question, therefore, of whether or not a judge of one district may grant a writ of certiorari to a justice of the peace to another district in the absence of appointment by the Governor, is not before us.

Nor does Bill of Exception No. 2 show error because it does not show that the deposition containing the interrogatory and answer excluded by the court, had been on file for the requisite time under the statute to require a motion in writing to suppress it. The assignment asserts that said interrogatory and answer were objected to by appellee only on the ·ground of not being responsive, and that such objection was not made in writing before announcing ready for trial, and that no notice was given of said objection until said interrogatory and answer were tendered as evidence. This, in the absence of a showing as to the length of time the deposition had been on file, can not be said to show error.

The action of the court, however, in peremptorily instructing a verdict for appellee must result in a reversal of the case. It is neither necessary nor proper for us to comment upon the evidence adduced upon the trial, but it suffices to say that there was a sharp conflict in the testimony upon the issue of whether or not the payment of the $190 was upon account, as contended by appellant, or for articles not properly chargeable to the account, as contended by appellee. The appellee's testimony tended to show that the payments amounting to the sum sued for were made for wire, a wagon, and borrowed money, which items were not charged in appellant's account, while appellant's testimony tended to show he was in no way indebted for these items and that the payments were intended to be and should have been applied upon his ac-

count, and that he had paid·his account in full, ignorant of the fact that he had not received such credits. The testimony as to the drinking habits of appellee's bookkeeper ought to have been admitted. It would tend to discredit appellee's books.

It is sought to justify the summary instruction by proof that a settlement had been made between the parties after the payments in controversy had been made. But a settlement would not be conclusive of appellant's rights if he were at the time in fact ignorant of appellee's failure to give him credits to which he was entitled. It would not conclude him as to a matter not within the contemplation of the parties to the settlement. Nor does the fact that appellee furnished him with statements of his account from time to time, which statements showed that he had never received the credits contended for by him, in any manner estop him to assert this cause of action. It is difficult to perceive how the principle of estoppel could thus be invoked by appellee.

It is also strenuously insisted that the matter is *res adjudicata.* It seems that after the date of the settlement above referred to other goods were bought by appellant and a controversy having arisen over the payment for same, appellee instituted suit against him in the Justice Court, which was subsequently appealed to the District Court of Roberts County. Appellant did not plead in that case his right to recover the $190 sued for in this. The evidence shows that he was ignorant of the over-payment at the time of the trial in the Justice Court, and only learned it when the case was being tried on appeal in the District Court, at which time it was too late to interpose such plea. Appellee's proposition of law is that appellant's cause of action could have been litigated in that suit, and that his failure to thus bring it forward forever bars his right to a recovery. But the principle of the law of judgments contended for by appellee is not applicable where the defense claimed to be merged in the judgment is a set-off or counterclaim. In such case, while the defendant may plead his set-off or counterclaim, he is not obliged to do so, but may reserve it for future suit. (Anderson v. Rogge, 28 S. W. Rep., 106; Hobbs v. Duff, 23 Cal., 596; Indiana, F. L. S. I. Co. v. Stratton, 31 N. E. Rep. (Ind.), 380; Baker v. Morehouse, 12 N. W. Rep. (Mich.), 170; City Nat'l Bank v. Gardner, 5 Ky. Law Rep., 682; Blackwell Durham Tobacco Co. v. McElwee, 94 N. C., 425.) The reason for this apparent exception to the general rule of merger of causes of action by judgment is that in a case like the present, the subject matter of suit, to wit, the cause of action asserted by the plaintiff, does not embrace the counterclaim or setoff of the defendant. In the case of Anderson v. Rogge, supra, the setoff was actually pleaded in the first suit, but no testimony supporting it was offered, and the same was treated as having been abandoned, and allowed to be subsequently asserted. For a much stronger reason can a setoff never actually put in litigation be made the basis of a subsequent suit.

For the errors indicated, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*