W. A. BEATY v. PERCY M. YELL.

Decided November 12, 1910.

1.—Deposition—Objection—Practice.

An objection to a deposition that the answers are not responsive to the interrogatories, goes to the manner and form of taking, and must be made be-

fore the trial commences if the depositions have been on file as much as one entire day; therefore, unless a record on appeal shows affirmatively that such was not the case, an assignment of error based upon the action of the court in overruling such objection can not be sustained.

### 2.—Evidence—Contradictory Statement.

A prior statement in writing by a witness, admittedly made by him, is admissible in evidence to rebut his testimony on the trial to the contrary effect; and this, though the testimony is not directly in conflict with the statement but tends strongly in that direction.

### 3.—Practice—Objection to Answer.

An objection to an answer as a whole is properly overruled when a part of the answer is competent testimony. Rule applied.

### 4.—Public Land—Occupancy—Evidence.

The issue being whether or not a plaintiff in trespass to try title had actually resided upon and occupied during certain years land purchased from the State, as required by law, tax receipts showing the payment by plaintiff of the taxes for said years would be irrelevant and immaterial.

### 5.—Actual Settler—Definition.

The definition of an actual settler, as that term is used in the statute concerning the occupancy of school land, as "one who actually occupies and settles upon the land intending to make it his home," approved.

### 6.—Special Issues—Preponderance of Evidence—Charge.

A case having been submitted to a jury upon special issues, the court instructed the jury that the burden was upon the plaintiff to sustain the affirmative of the issues by a preponderance of the evidence, and added, "And you will bear this in mind in answering the foregoing questions." Held, the charge was proper and not subject to the objection that it was upon the weight of the evidence.

### 7.—School Land—Purchase—Forfeiture—Action of Commissioner—Effect.

The action of the Commissioner of the Land Office in forfeiting a purchase of school land for failure of the purchaser to reside on the same as required by law, and making such endorsement on the application, is not conclusive of such fact, and in a suit to set the forfeiture aside the jury may be properly instructed to that effect, and that they must find the fact of non-occupancy without reference to the action of the Commissioner.

Appeal from the District Court of Ector County. Tried below before Hon. S. J. Isaacks.

*E. C. Canon* and *A. S. Hawkins,* for appellant.—The court erred in excluding the sworn statement of J. M. Cain. 1 Greenleaf, sec. 463 (Lewis Ed.) ; St. Louis I. M. & S. Ry. Co. v. Faist, 61 S. W., 374; Batsch v. United Ry's. Co. of St. Louis, 122 S. W., 371.

*Frank A. Judkins, E. B. Ritchie* and *Charley Gibbs,* for appellee.—Impeachment by a contradictory statement must be limited to a contradiction of affirmative testimony injurious to the impeaching party, which was elicited on direct examination. 7 Cyc. of Evi., p. 87, subd. B & C; Naughter v. State, 23 So., 26; Stevenson v. State, 44 S. W., 634; Saylor v. State, 33 S. W., 185; Nelson v. State, 61 N. E., 802; Sturgis v. State, 102 Pac., 57.

DUNKLIN, ASSOCIATE JUSTICE.—On February 10, 1904, W. A. Beaty's application to the Commissioner of the General Land Office to purchase four sections of school land was granted. On January 18, 1906, the Commissioner declared the award cancelled, giving as his reason therefor that Beaty had failed to reside upon the land in the manner and for the length of time required by law. Subsequently, the land was awarded to Percy M. Yell upon his application to purchase it. Beaty instituted this suit in the form of trespass to try title to recover the land from Yell, and has prosecuted this appeal from a judgment in favor of the defendant.

Under the law, the land could be sold to actual settlers only, and in order to perfect his title the purchaser, in addition to a compliance with other conditions, was required to reside thereon for a period of three years next succeeding the date of his purchase. Whether Beaty had complied with this requirement was the principal issue tried, and the verdict of the jury was that he had not done so.

Several assignments of error are addressed to rulings of the court excluding various answers of W. A. Beaty to ex parte interrogatories propounded to him by the defendant, in which answers Beaty testified that he resided on the land during various months in the years 1904, 1905 and 1906. The one objection to all the answers was that the same were not responsive to the interrogatories, and the one proposition submitted in appellant's brief under each and all those assignments reads: "An objection that an interrogatory is not responsive goes to the manner and form of taking, and can not be for the first time presented during the trial of the case."

The scope of those assignments, therefore, is limited by the proposition quoted, and will be disposed of accordingly. It is true that an objection to the depositions that they are not responsive to the interrogatories, is an objection to the manner and form of taking. Lee & Co. v. Stowe & Wilmerding, 57 Texas, 444; Gulf, C. & S. F. Ry. v. Shearer, 1 Texas Civ. App., 343 (21 S. W., 133), and authorities therein cited.

Article 2289, Sayles' Civil Statutes, reads: "When a deposition shall have been filed in the court at least one entire day before the day on which the case is called for trial, no objection to the form thereof or to the manner of taking the same shall be heard unless such objections are in writing and notice thereof is given to the opposite counsel before the trial commences; provided, however, that such objection shall be made and determined at the first term of the court after the deposition has been filed, and not thereafter."

As the record fails to show that the depositions had been on file at least one entire day before the day on which the case was called for trial, the assignments of error complaining of their exclusion are overruled. Seiber v. Johnson Mercantile Co., 40 Texas Civ. App., 600 (90 S. W., 516).

For the purpose of discrediting the testimony of J. M. Cain, who had been introduced by the defendant, the plaintiff offered in evidence a

written statement purporting to have been signed and sworn to by the witness, in effect, that he knew the plaintiff had resided on the land in controversy for the length of time required by law, but the statement was excluded upon defendant's objection. While the witness had not testified directly and pointedly that the plaintiff had not so resided on the land, yet his testimony tended strongly to show that the contrary of the written statement was true. No proof was made that he made affidavit to the statement, but the witness admitted that he signed it. We think the predicate established was sufficient to admit the written statement, and that it was improperly excluded.

The defendant introduced the deposition of J. T. Robison, Commissioner of the Land Office, who, after stating that he made a trip to the land for the purpose of determining whether or not Mr. Beaty was residing upon it, testified as follows: "Mr. Beaty was not living on the land, nor were there any evidences that anyone had been there very often, though there were some indications that somebody would be there occasionally, and had a few articles of bedding and food for convenience if they should happen to drop in for a day or so." The testimony quoted was the answer of the witness to interrogatory No. 4. The plaintiff objected thereto on the ground that the same was the opinion only of the witness. Clearly, this objection would be tenable to portions of the answer, but some of us feel inclined to hold that a portion of the answer was essentially a statement that he found a few articles of bedding and food upon the land, and that that portion of the answer would not be subject to the objection urged. However, the objection was made to the answer as a whole, and if any part of the answer was admissible the objection could not properly be sustained. We say this much by way of suggestion in view of another trial.

Several tax receipts were offered by the plaintiff to show that he had paid taxes on the land during the years 1905, 1906, 1907 and 1908, also showing that he had paid poll taxes in the county where the land is situated during those years. This testimony was not relevant to the issue whether or not plaintiff had resided upon the land during those years, and was, therefore, properly excluded.

In May v. Hollingsworth, 35 Texas Civ. App., 665 (80 S. W., 841), a charge was approved defining an actual settler, in such a case as this, to be "one who actually occupies and settles upon the land intending to make it his home." Upon the trial of this case plaintiff requested an instruction substantially in accord with the foregoing definition, but the same was refused. In lieu thereof the court gave another definition, which appellant contends imposed upon him a greater burden than was authorized by law. Without undertaking to determine the merits of the charge given, we suggest that upon another trial the definition approved in May v. Hollingsworth should be given, as such a definition unquestionably would be correct.

The case was tried by a jury upon special issues, and, after instructing the jury that the burden was upon the plaintiff to sustain the affirm-

ative of the issues by a preponderance of the evidence, the court concluded the instruction in the following language: "And you will bear this in mind in answering the foregoing questions." The language quoted is criticised as being upon the weight of the evidence and calculated to prejudice the jury against the appellant. It is the duty of the jury to be governed by the law as given to them in the charge by the court, and there was no error in so instructing them.

The plaintiff requested an instruction that the endorsement made by the Commissioner of the General Land Office upon Beaty's application to purchase, reading: "Lands forfeited for failure to reside upon the land as required by law, 11/8/06," could have no force or effect if Beaty had in fact resided on the land as required by law, but the requested instruction was refused. In the instruction given, the jury were required to find whether or not Beaty had lived upon the land in the manner and for the length of time required by law, and this, too, without reference to the endorsement made by the Land Commissioner upon his application to purchase. In effect, it was an instruction to find upon that issue independent of the memorandum made upon the application, and there was no error in refusing the requested instruction. Perhaps the purpose sought by the requested instruction was that the jury should be told that the memorandum upon the back of the application could not be considered as any evidence to prove that Beaty did not reside upon the land as required by law. Such an instruction would have been proper, but the one requested was not so worded.

For the error committed in excluding the affidavit of the witness Cain, the judgment is reversed and the cause remanded.

*Reversed and remanded.*