F. H. MORGAN v. MRS. GEORGE A. FLEMING.

Decided December 22, 1910.

**1.—Public School Land—Purchaser—Boundaries—Mistake in Occupancy.**

A purchaser of public school land will not forfeit or lose his right to the same by reason of failure to reside thereon if such failure is caused by an honest and excusable mistake as to the boundaries of the land, and he moves

upon and occupies the land within a reasonable time after discovering his mistake.

### 2.—Same—Evidence.

In an action of trespass to try title to public school land, the issue being whether the defendant had forfeited her right to the land by failure to establish her residence within the boundaries of the same, evidence considered, and held sufficient to support a finding that such failure was caused by an honest and excusable mistake, which was corrected within a reasonable time after discovery.

### 3.—Same—Honest Mistake—Evidence—Statements by Others.

The issue being one of good faith and honest mistake on the part of a purchaser of school land in locating her residence outside instead of within the boundaries of her land, it was admissible for her to show the information upon which she acted, and any other circumstance tending to show what care she exercised in determining whether her settlement was upon her land. It was not a question of the truth of the information given, but of her good faith and proper care in acting upon the same, which was a question for the jury. Testimony as to what information she received from any one, reasonably calculated to induce her to believe her settlement was on the land, was admissible. Whether she should have relied upon it, was a question for the jury.

### 4.—Contradiction of Witness—Absence of Predicate.

Evidence tending to impeach a witness may be admitted for that purpose even though no predicate had been laid, when no such objection is made to the evidence. Otherwise, when that fact is made the ground of objection.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*H. E. Marshall,* for appellant.

*Stevens & Pickett,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is a suit in trespass to try title instituted by F. H. Morgan against Mrs. George A. Armstrong. Pending the suit defendant intermarried with Fleming. A trial with a jury resulted in a verdict and judgment in favor of defendant, from which the plaintiff appeals.

The land in controversy is a tract of four hundred and two-fifths acres, part of a tract of 1040 acres in the name of F. M. Gardner, and was public free school land, both parties claiming as purchasers from the State, appellee by virtue of an application and award by the Commissioner of the General Land Office, and appellant by virtue of an application to purchase as an actual settler, and compliance with the law, although his application was refused by the Land Commissioner. The facts with reference to said application, so far as material, are as follows:

Previous to either application, one, C. C. Brunson, had purchased from the State 640 acres on the north part of said survey, which was a long and irregularly shaped survey something like this:

Previous to appellee's purchase; four hundred and two-fifth acres off the south part of the survey had been sold by the State to one, Stegall, as an actual settler, who sold to one, Stegner, and this purchase had been forfeited for abandonment. Stegall had built a house, but it appears that this house was not in fact on the land sold to him. On April 23, 1902, appellee made application to purchase 600 acres on the Gardner as an actual settler. This 600 acres included the Stegall house. The application was refused. On April 7, 1903, appellee made another application for four hundred and two-fifths acres on the south part of the survey as an actual settler, which was approved and the land awarded to her. To qualify as an actual settler she took up her residence in the Stegall house. This house was in fact some 600 or 700 yards from the land purchased. On July 18th appellee took up her residence as an actual settler on the four hundred and two-fifths acres.

On June 11, 1903, appellant made an application to purchase as an actual settler, complying with the law so as to entitle him to the land unless the previous sale to appellee stood. The Land Commissioner refused this application, and appellant brought this suit.

Appellee defends her title and right on the ground that she in good faith believed that the Stegall house in which she took up her residence was on the land which had been awarded to her, and that her mistake was an honest and excusable one, and that she moved on the land within a reasonable time after she discovered her mistake, bringing her within the protection of the principle laid down in Hall v. White (94 Texas, 452); Chancey v. State (84 Texas, 529); Thomson v. Hubbard (22 Texas Civ. App., 101, 53 S. W., 841), and other cases.

It is the contention of appellant that appellee either knew, or by the exercise of ordinary care could have discovered, her mistake when she made her settlement, and is not entitled to protection on the ground of honest mistake, made in good faith. Upon this issue the case turned.

The evidence was conflicting. The issue was fairly presented to the jury by a proper charge, and they found for appellee. Substantially all of the evidence is upon this issue. We can not undertake to set it out here, nor are we required to do so. We content ourselves with finding as a conclusion of fact that the evidence is sufficient to support the verdict of the jury.

This is the second appeal of this case. On the former appeal, which is reported in 102 S. W., 1164, it was held by the Court of Civil Appeals of the Fourth District that the evidence presented by the record on that appeal justified a finding for appellee Fleming, in whose favor there was a verdict and judgment on the former trial also. It is stated in the brief of appellee that the evidence on both trials was the same, and the doctrine of *stare decisis* is invoked. The correctness of this statement is challenged by appellant. We have no means of determining the question, which is unimportant since we have arrived at the same conclusion on this appeal as the Court of Civil Appeals of the Fourth District did on the former appeal. We will add, however, that appellant undertakes to point out in his brief wherein the evidence differs in the two cases, and it appears therefrom, if there be no other difference than that thus pointed out, such difference can not properly affect our conclusions on this issue nor require a different conclusion on this appeal from that arrived at on the former appeal.

This finding necessarily disposes of the first assignment of error, which is that the court erred in refusing the motion for a new trial, because the verdict is against the preponderance of the evidence and wholly contrary thereto; and the sixth assignment, that the court erred in refusing to charge the jury peremptorily to return a verdict for the plaintiff. These assignments are therefore overruled, with the several propositions thereunder.

By the second assignment of error appellant complains of the refusal of a requested instruction, that the defendant was bound to take notice that the Stegall land was the four hundred and two-fifths acres off the south end of the F. M. Gardner survey, and if the jury believed that the defendant knew, or by the use of ordinary care could have learned, that the Stegall house was not on the four hundred and two-fifth acres, to find for plaintiff.

The first part of this charge was entirely inconsequential. There was no issue made of the fact that the Stegall four hundred and two-fifths acres was off the south end of the Gardner, or appellee's knowledge of this fact. Full knowledge of this fact was only one circumstance tending to support the affirmative of the issue referred to in the latter part of the charge, that is, that appellee knew, or by the exercise of ordinary care could have known, that the Stegall house was not on the land applied for by her. The latter portion of the requested charge was amply covered by the general charge. There was no error in refusing the charge requested.

The third assignment is without merit. In place of the requested instruction the court gave the following charge in addition to the gen-

eral charge: "If you find and believe from the evidence that the defend-ant had knowledge of such facts and circumstances that would have prevented a person of ordinary prudence from making the mistake (if there was such mistake) in occupying the Stegall house, then the de-fendant was' not an actual settler in good faith." This was sufficient.

The requested charge referred to in the fifth assignment was properly refused. It ignores the question of mistake made in good faith, the real issue in the case. The requested charge, the refusal of which is com-plained of in the seventh assignment of error, would, if given, have been a mere reiteration of the general charge, and the refusal to give it was not error.

Appellant relied in part upon notice conveyed by Bronson to W. P. Armstrong, claimed to have been the agent of appellee, to rebut the claim of honest mistake on the part of appellee, and requested a charge instructing the jury as to the effect of notice to Armstrong, which was refused. It fully appeared from the testimony of appellee herself that Bronson had given to her in person the same information, hence it became immaterial to consider the effect of such information to her agent, as notice to her, on the issue of good faith. The refusal to give the requested charge was not error. The question is presented by the fourth assignment of error.

The issue being one of good faith and honest mistake on the part of appellee, it was admissible for her to show the information upon which she acted, and any other circumstance tending to show what care was exercised by her to determine whether her settlement was upon the land applied for. It was not a question of the truth of the information given, but her good faith and proper care in acting upon the same, which was a question for the jury. What information she received from her brother or anyone else reasonably calculated to induce her to believe that her settlement was on the land applied for, was admissible. Whether she should have relied on it, was a question for the jury. The eighth assignment of error presenting this question is overruled. (Greenleaf, Ev., secs. 100-1; 3 Wigmore, Ev., sec. 1789; McDonald v. Hanks, 52 Texas Civ. App., 140, 113 S. W., 608.)

The affidavit made by Bronson, the admission of which, over appel-lant's objection, is made the basis of the ninth assignment of error, was admissible, if for no other purpose, to contradict or impeach Bronson, who had testified to facts contrary to the statements of the affidavit. No objection was made that no predicate had been laid for its admission for this purpose. The assignment and propositions thereunder are over-ruled.

The testimony of J. J. Terrell, Commissioner of the General Land Office, admitted over the objections of appellant, and referred to in the tenth assignment of error, was admissible on the issue of honest mis-take, made in good faith, on the part of appellee.

The eleventh assignment of error is without merit. There was no predicate laid for the introduction of the affidavit of W. D. Kay offered

for the purpose of impeaching him, upon which ground appellee objected to its introduction. There was no error in sustaining the objection.

This disposes of all of the assignments of error. The case was fairly presented to the jury by a proper charge. The evidence is sufficient to support the verdict. No reversible error is shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.