## KEESEE v. CATE.

### No. 5211.

Court of Civil Appeals of Texas. Amarillo.

Oct. 21, 1940.

G. E. Lockhart and W. R. Porter, both of Lubbock, for appellant.

Burton G. Hackney, of Brownfield, and Vickers & Campbell, of Lubbock, for appellee.

FOLLEY, Justice.

This suit was filed in Cause No. 679 in the County Court of Terry County, Texas, by the appellant J. V. Keesee against the appellee J. A. Cate seeking $129.96 actual,

and $500 exemplary, damages for the alleged wrongful sequestration by the appellee of six bales of appellant's cotton sequestered in a former suit in the same court.

The appellant alleged that in November, 1937, Cate as plaintiff sued him as defendant in Cause No. 648 in the County Court of Terry County alleging a landlord's lien upon the cotton produced by the appellant from thirty acres of land belonging to Cate; that on said date Cate had a writ of sequestration issued in such cause and through the sheriff took possession of the six bales of appellant's cotton; that in November, 1938, judgment was rendered in the cause in favor of the appellant whereby the appellant recovered the cotton from Cate; that on December 3, 1938, the sheriff delivered the cotton to the appellant in accordance with the judgment in Cause No. 648; that the affidavit for the sequestration was false and no probable cause existed for the sequestration; that the cotton was held by the sheriff for more than a year; that if appellant had possessed the cotton during such period he could have secured a Government loan on the cotton but was unable to do so because the cotton was in the hands of the sheriff; that after the cotton was redelivered to him he was forced to sell the same upon the open market at 5¢ per pound; that if the cotton had not been sequestered he could have received $106.87 more money for the cotton from the Government loan than that received from the sale in the open market; that he was further damaged in the sum of $23.09 as storage charges on the cotton during the period the same was held by the sheriff; and that since the writ was wilfully and maliciously issued without probable cause he was entitled to receive $500 as exemplary damages.

The appellee Cate urged a general demurrer to the appellant's petition and interposed the former recovery as a plea in abatement, plea in bar, demurrer and as res adjudicata to appellant's demands in the instant suit, all of which pleas, after the introduction in evidence of the record in the former case, were sustained by the court and judgment rendered for the appellee.

In the former action in Cause No. 648 the appellant made no claim for damages of any sort and the contest therein was resolved solely into one to determine the ownership of the cotton.

Apart from the allegations in appellant's petition showing the proceedings in the former suit, no contention is made that the petition is subject to a general demurrer. In fact, all of the pleas of the appellee are based upon the theory that the judgment in the prior suit forecloses the right of the appellant to litigate the issues presented in the instant suit. Therefore, a determination of the question of res adjudicata will dispose of the whole controversy in this appeal.

The rule is expressed in Foster v. Wells, 4 Tex. 101, 102, 104, that a judgment is "not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided". This rule, although a correct proposition of law, is but a general rule and has its limitations and exceptions. Moore v. Snowball et al., 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596; Freeman on Judgments, Fifth Edition, paras. 674, 675, et seq.

In discussing this rule and its attendant variations, we find a clear and concise statement in para. 675 of Freeman on Judgments, Fifth Edition, as follows: "Even in those cases to which it is applicable, the general expression often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action, is misleading. What is really meant by this expression is, that a judgment is conclusive upon the issues made or tendered and, so far as those issues are concerned, of everything which might have been urged for or against them. It may be that the plaintiff might have united other causes of action with that set out in his complaint, or that the defendant might have interposed counterclaims, cross-bills, and equitable defenses, or either of the parties may have acquired new rights pending the litigation, which might, by permission of the court, have been pleaded by supplemental complaint or answer, and therefore might have been litigated in the action. But as long as these several matters are not tendered as issues in the action, they are not affected by it. Whatever material allegations the plaintiff makes in his pleadings he must maintain, if they are controverted, and failing to do so, a judgment against him is conclusive of their falsity. The defendant, on his part, must controvert all these allegations which he wishes to gainsay, and failing to do so, their truth is incontestably established as against him. He cannot by failing to deny any of them, or if he denies them, by failing to offer evidence to controvert that offered by plaintiff in support of any of them, successfully claim that it has not been litigated and determined against him. In other words, neither party can decline to meet an issue tendered by the other, and then maintain that it has not become res judicata. The plaintiff must support all the issues necessary to maintain his cause of action. The defendant must bring forward all the defenses which he has to the cause of action asserted in the plaintiff's pleadings at the time they were filed. In this sense it is true that a judgment is conclusive of every matter which might have been litigated and decided in the action."

Practically the same rule as expressed above from Freeman on Judgments is reiterated in similar language in 26 Tex.Jur. 137, para. 419.

The rule as applied to the defendant in a former action who becomes the plaintiff in a subsequent action is discussed in 26 Tex.Jur. 169, para. 433, in the following language: "The rule which requires a defendant to set up all the defenses that he may have must not be construed too broadly. In the first place, it is clear that the rule relates only to matters which are of a purely defensive nature—that is, matters that are embraced within the cause of action asserted in plaintiff's petition, and does not refer to matters which may constitute an independent cause of action on the part of the defendant. As to such matters, he may set them up or withhold them as he pleases; and if he adopts the latter course, the judgment will not preclude him from suing thereon thereafter."

In further application of the rule to the defendant, on page 171, para. 434 of the same volume of Texas Jurisprudence, it is stated: "It is clear from what has heretofore been said that the rule which requires a defendant to set up all matters of defense which are necessarily involved in the claim or demand presented by the plaintiff's petition does not apply to set-offs and counterclaims. On the contrary, it is almost axiomatic that while the defendant is entitled to set up any cross-demands

that he may have, his failure to do so will not preclude him from bringing a subsequent suit thereon, because a demand of that nature is not embraced within the cause of action asserted by the plaintiff."

A situation very similar to that of the instant case existed in Morgan v. Tims, 44 Tex.Civ.App. 308, 97 S.W. 832, 833. The plaintiff therein was the defendant in a former distress warrant action which proceeded to a final judgment. Thereafter, in the cause from which the appeal was prosecuted, such defendant in the former action sued for damages in a subsequent action for the alleged illegal and unjust suing out of the distress warrant. A plea of res adjudicata was raised by the defendant in the second suit. In disposing of the issue thus presented the court said: "The defendant contends that, in the distress proceedings, a judgment foreclosing the distress warrant was had, and that such judgment was res adjudicata as to the right of plaintiff to recover in this suit. We do not concur in this contention. There is nothing in the record to show that the plaintiff here reconvened in that suit for damages, and the foreclosure there only prohibits him from showing defects in the affidavit, bond, writ, etc., necessary in procuring the writ. In other words, such judgment is only conclusive as to the regularity of the proceedings, and does not estop the plaintiff from showing that the grounds authorizing distress proceedings did not exist, and that the writ was unjustly sued out. The plaintiff here had not only the right to reconvene for damages in that suit, but, not doing that, he could bring a separate suit for his damages that the distress warrant was 'illegally and unjustly' sued out."

We are therefore of the opinion that the appellant Keesee could have set up his counter claim for damages in Cause No. 648 but he was not compelled to do so, the same not being a defense necessarily involved in the demand of Cate therein. We further hold that his failure to do so does not preclude him from asserting such claims in this subsequent suit. It follows that the court erred in sustaining the pleas urged by the appellee. Rountree & Green v. Walker, 46 Tex. 200; Norwood v. Interstate Nat. Bank of Texarkana, 92 Tex. 268, 48 S.W. 3; Seiber v. Johnson Mercantile Co., 40 Tex.Civ.App. 600, 90 S.W. 516; Anderson v. Rogge et al., Tex.Civ.App., 28 S.W. 106; Cleveland et al. v. Ward, Judge, et al., 116 Tex. 1, 285 S.W. 1063.

The judgment is reversed and the cause remanded.