## TEXAS INDEMNITY INS. CO. v. ALEXANDER.

### No. 11557.

Court of Civil Appeals of Texas. Galveston. July 29, 1943.

Rehearing Denied Sept. 30, 1943.

Edward S. Boyles and E. Richards, Jr., both of Houston, for appellant.

Allen, Helm & Jacobs and Ira J. Allen, all of Houston, for appellee.

CODY, Justice.

This is a workmen's compensation case. It was brought by appellee, who was injured on January 29, 1941, in the course of his employment with Sears, Roebuck & Company as a filling station attendant, by falling into an open pit while servicing a truck, against appellant, the insurance carrier for appellee's employer.

All issues except those of the extent and duration of appellee's disability were eliminated by stipulations. And on these the jury found that the disability which he had suffered was total and permanent. On such findings the court rendered judgment for appellee on January 18, 1943, in the lump sum of $3,564.76, which allowed credit for fifty-seven weeks' compensation paid to appellee before he filed suit.

For a reversal appellant urges points which present as error the admission over its objections of certain testimony in appellee's behalf by his wife.

The two issues tried below, namely, the extent and duration of appellee's disability, were hotly contested. Among the evidence introduced by appellant were the depositions of a Dr. Nash of Dallas. From these it appeared that the doctor had examined appellee on October 30, 1941, and again eight days later, and that, based upon these examinations, it was his opinion that appellee's condition was good, and he would make a complete recovery in from six to twelve months from the date of the injury, which, as shown above, had occurred some nine months before the doctor made the examinations.

While appellee's wife was on the stand, as appears from the only formal bill of exceptions, taken by appellant, she was asked the following question and made the following answer:

"Q. State to the jury what Dr. Nash said to you and your husband after he had made the examination as to the duration of your husband's disability? A. He told me that no doctor would take on himself the

responsibility to determine the length of time anybody would get· well from the fracture, that he could probably take paralysis anytime within a year or fifteen years from now. He told me he could take paralysis at anytime from the effect of the head injury."

Appellant's bill of exceptions then goes on to recite, with reference to said question and answer, that it was admitted "over the objection of counsel for defendant that the question called for hearsay testimony, was secondary evidence and that same was speculative, and the court overruled said objections" etc.

The manifest purpose of appellee's wife's testimony was to impeach the medical opinion of Dr. Nash, introduced into evidence by appellant at the trial, to the effect that appellee would make a complete recovery within six to twelve months from the date of the accident, by proving a prior self-contradictory opinion expressed by him. There is no merit in appellant's objection that the testimony should be excluded because it was speculative. The doctor was appellant's witness, and appellant vouched for his qualification to give the opinion which appellee sought to discredit by proving a prior expression of a different opinion.

 The evidence complained of was doubtless hearsay, except as to the credibility of the doctor which appellant placed in issue. It was not offered because of any probative value which it might have on the issues made by the pleadings of the parties. The prior self-contradiction of a witness is not introduced as substantive testimony. "* * * the Prior self-contradiction is not used assertively; i. e., we are not asked to believe his prior statement as testimony, and we do not have to choose between the two (as we do choose in the case of Ordinary Contradictions by other witnesses). * * * In short, the prior statement is not hearsay, because it is not used assertively, i. e. not testimonially. The Hearsay Rule (post. 1361) simply forbids the use of extrajudicial utterances as credible testimonial assertions; the prior contradiction is not used as a testimonial assertion to be relied on. It follows, therefore, that the use of Prior Self-Contradictions to discredit is not obnoxious to the Hearsay Rule." Wigmore on Evidence, Vol. 11, 1179, Sec. 1018. In Galveston, H. & S. A. R. Co. v. Jackson, 93 Tex. 262, 54 S.W. 1023, 1024, where it was urged against the admissibility of prior self-contradictory statements of a witness that they should have been excluded on the objection that they were hearsay, the court said: "* * * that it was hearsay was not a sound objection to its introduction. The predicate for impeaching testimony may not have been properly laid, but that ground was not urged."

The judgment is affirmed.