### ESTAPA v. SALDANA et al.
#### No. 11887.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 12, 1948.

Rehearing Denied Jan. 5, 1949.

Kelley, Looney, McLean & Enochs, of Edinburg, for appellant.

J. F. Carl, of Edinburg, for appellees.

MURRAY, Justice.

On February 4, 1944, Bernardo Saldana and wife, Cleotilde G. de Saldana, and Joe Estapa entered into a contract for the leasing of Lots Nos. 13 and 14 in Block No.

237, in the City of Edinburg, Hidalgo County, Texas, for a period of two years, ending February 28, 1946, at an agreed rental of $1500.00 for the two-year period, which $1500.00 was also the consideration for an option to Joe Estapa to purchase said property. Within due time Estapa exercised his option and offered to pay the sum of $8,500.00, the agreed consideration stated in the contract, but it developed that the property was the separate property of Mrs. Saldana and she refused to sign and acknowledge a deed to the property, whereupon Estapa refused to vacate the property. B. Saldana and wife instituted suit in "Trespass to Try Title" seeking to recover title and possession of the property. Estapa filed a cross-action asking for specific performance of the option to buy. The trial court held that the property being the separate property of the wife, Mrs. Saldana could not be compelled to make a conveyance of the same, and denied specific performance of the option contract, and gave the Saldanas judgment for title and possession of the property by virtue of their suit in trespass to try title. An appeal from that judgment was taken to this Court and affirmed. See Estapa v. Saldana, Tex.Civ.App., 200 S.W.2d 722.

The present suit was instituted by Bernardo Saldana and wife to recover rent from Estapa for the use of the premises during the time the case was pending on appeal. The value of this use of the property was stipulated to be $750.00. Estapa answered with a cross-action alleging that the Saldanas had fraudulently induced him to enter into the option contract by representing to him that they jointly owned the property, and but for such fraudulent representation he would not have entered into the option contract, and praying for damages in the sum of $4,000.00, being the alleged difference between the contract price and the market value of the property at the time he undertook to exercise his option.

The trial was to the court without the intervention of a jury and resulted in judgment for the Saldanas for their rent in the sum of $750.00, and denying Joe Estapa any recovery by reason of his cross-action. Joe Estapa has prosecuted this appeal.

No complaint is made of that part of the judgment awarding the Saldanas rent in the sum of $750.00. The only complaint is as to that part of the judgment which denies to appellant, Estapa, a recovery upon his cross-action for his alleged damages.

The pertinent parts of the lease contract above referred to are as follows:

"This contract this day made and entered into by and between Bernardo Saldana and his wife, Clotilde Saldana, called hereinafter First Party, and Joe Estapa, called hereinafter Second Party,

"Witnesseth

I.

"That First Party, being the owners of Lots Thirteen (13) and Fourteen (14), in Block No. 237, in the City of Edinburg, Hidalgo County, Texas,

"Do hereby lease, rent and let the said premises unto the Second Party for a period of Two (2) years, beginning on the First (1st) day of March A.D. 1944, and ending at the expiration of the last day of February A.D. 1946, for the total rental for said two year period of Fifteen Hundred ($1500.00) Dollars. The said sum of $1500.00 rental is to be paid to First Party on or before March 1st, 1944, *. * *.

"If the Second Party shall determine, at any time after he shall have paid the $1500.00 rental for the two year period (and before the expiration of said two years), to purchase the said property out right, he shall notify First Party and First Party agree to convey the same to Second Party, his heirs or assigns, upon the payment by Second Party to First Party the sum of Eight Thousand Five Hundred ($8500.00) Dollars and if and when said sum of Eight Thousand Five Hundred ($8500.00) Dollars is so paid, within said two year period to First Party, they will convey said property to Second Party, his heirs, assigns, or nominees, and by general warranty deed. And will furnish abstract showing a good merchantable title thereto. But the $1500.00 rental so to be paid by March 1, 1944, has nothing to do with, and forms no part of the $8500.00 to be paid for said property if Second Party should

decide to exercise his option herein granted to buy said property."

The trial court made two findings concerning the alleged fraudulent representations, as follows:

"The Court finds as a fact that the property described in the lease and option to purchase contract was the separate property of Cleotilde G. de Saldana, wife of Bernardo Saldana, and that in the lease contract the Plaintiffs represented themselves as being the owners of property, and the court rules as a matter of law that the representation as to ownership was not such a statement as would entitle the defendant to maintain his action for damages for false and fraudulent misrepresentation as to title. The deed wherein the lots were conveyed to Cleotilde G. de Saldana as her separate property was placed of record in the office of the County Clerk of Hidalgo County, Texas, in December, 1940, and defendant had constructive notice of same, but he had no actual notice thereof.

"The court further finds that there was no sufficient false or fraudulent representation in said rental and option contract, upon which the defendant, Joe Estapa, could base a suit for damages."

There is no statement of facts filed herein, and apparently the case was disposed of upon the pleadings and the agreed stipulations set forth in the trial court's judgment.

■ We agree with the trial court that the representation of Bernardo Saldana and wife that they were the owners of the property was not such a fraudulent representation as to ownership as would support an action for fraud. Appellant apparently attempts to treat this representation as one to the effect that Lots 13 and 14 in Block 237 were the community property of Bernardo Saldana and wife, and that therefore Bernardo Saldana could make a binding executory contract to sell and convey such lots. The only representation contained in the contract is that the Saldanas were the owners of the property, and the only misrepresentation alleged is that they were the joint owners. A husband and wife may be the joint owners of property and the property not be community property. They could purchase property with their separate funds and thereby become joint owners, but the property would not be community property. They could also jointly own property before marriage and it would not be community property. In fact, a husband has certain rights in and concerning his wife's separate property so that a statement that he and his wife own such property is not necessarily a fraudulent statement. The wife signed and acknowledged the lease contract, which would be some notice to Estapa that the husband was not treating the property as property under his separate control, but that for some reason it was necessary for his wife to join in this lease.

Appellant indicates that the court sustained special exceptions to his pleadings as to this alleged fraudulent representation, but we find no order or judgment sustaining exceptions. For all we are able to determine from the record, the court may have heard evidence and have decided that the evidence was insufficient as a matter of law, but, regardless of what happened, the court did hold that the representation as to ownership was not sufficient as a matter of law to support a charge of fraud, and we sustain that holding.

■ Appellees have presented a cross-proposition to the effect that appellant was barred from a recovery herein by reason of the rule of "res judicata." It is contended by appellees that Estapa having asked for specific performance of his option contract by way of cross-action in a prior suit that he is now barred from asking for damages for the fraud perpetrated upon him in inducing him to enter into that same option contract. We overrule this contention.

■ In Berry Bros v. Fairbanks, Morse & Co., 51 Tex.Civ.App. 558, 112 S.W. 427, 429, it is said:

"A cause of action on a written contract, though executory, and a cause of action for damages for the breach of the contract, are legally severable and distinct, and are not so drawn together that the one cause of action necessarily involves and includes the other. A cause of action for damages is not adjudicated by a judgment in a suit on a contract of sale. Dilley v. Ratcliff, 29 Tex.Civ.App. 545, 69 S.W. 237. Conse-

quently a judgment on the contract would not be a bar to an independent and subsequent suit for damages for breach of the contract."

In Keesee v. Cate, Tex.Civ.App., 144 S.W.2d 348, 349, it is stated:

"The rule is expressed in Foster v. Wells, 4 Tex. 101, 102, 104, that a judgment is 'not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided'. This rule, although a correct proposition of law, is but a general rule and has its limitations and exceptions. Moore v. Snowball et al., 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596; Freeman on Judgments, Fifth Edition, paras. 674, 675 et seq."

Appellant's motion for a rehearing will be overruled. Our opinion handed down November 10, 1948, will be withdrawn and this opinion substituted therefor. Appellant, of course, has the right to file a second motion for a rehearing.

Our judgment heretofore entered, affirming the judgment of the trial court, will be adhered to.