Metha FORBES et vir., Appellants,

v.

Charles S. HEJKAL, Appellee.

No. 14776.

Court of Civil Appeals of Texas.

Dallas.

July 9, 1954.

Rehearing Denied Oct. 8, 1954.

McKool & Bader, Dallas, for appellants.

Touchstone & Bernays and Porter Johnston, Dallas, for appellee.

YOUNG, Justice.

The suit in trial court was one for damages growing out of personal injuries sustained by Mrs. Metha Forbes in a collision with defendant's pickup truck on or about July 1, 1952 at intersection of Colorado and Cedar Hill Streets, Dallas. Plaintiff (appellant Mrs. Forbes) was riding as a passenger in a car driven by Erna Phillips, her daughter. Upon trial of cause, the jury findings, in effect, were that defendant

Hejkal was not at fault; the failure of Erna Phillips to have her automobile under control being established as the sole proximate cause of the collision. Following an adverse judgment on these jury findings, plaintiff has seasonably brought the record up for review; the points of appeal centering on alleged erroneous court rulings relative to certain testimony of Erna Phillips, first by deposition and later in person.

Mrs. Phillips was herself a defendant in another pending suit for damages brought by Hejkal, growing out of the same accident, and had been sworn in as a plaintiff's witness at inception of the instant trial. Factual background of the points presented for reversal must first be stated.

Scene of the collision was near the intersection of the named streets—Colorado, running east and west, and Cedar Hill Road, a north and south street. Mrs. Phillips had been driving her Plymouth car eastward on Colorado, turning right into Cedar Hill Road; defendant, proceeding north on the latter highway at the same time, had approached the intersection at which there was a boulevard stop sign. Material issues of the case were two: (a) of whether defendant's car was on plaintiff's side of the street at moment of impact, and (b) on part of plaintiff, of whether her own car was under proper control. (See Footnote 1).

The oral deposition of Mrs. Erna Phillips was on file, taken at instance of defendant. Parts of this deposition had been introduced by plaintiff in connection with her prima facie case; one statement of Mrs. Phillips therein being that she was "hit right there as he (defendant) was coming down the center part of the road over on my side." At conclusion of this

1. These issues were in substance: (1) Defendant Hejkal, immediately prior to the collision did *not* fail to keep a proper lookout; (4) just before the collision, Hejkal was *not* driving his pickup truck at a negligent rate of speed; (6) Hejkal was *not* to the left of the center of Cedar Hill Road at the time, considering the direction he was traveling; (9) nor did defendant fail to apply his brakes in sufficient time to avoid the collision; (12)

the accident in question was not an unavoidable one; (13) Mrs. Erna Phillips failed to have her car under proper control immediately prior to the collision; (14) such being the sole proximate cause thereof; (15) plaintiff, Mrs. Forbes, failed to warn Erna Phillips to stop her vehicle immediately prior to the collision; (16) which was not negligence. Answers to damage issues 18, 19 and 20 were "No Dollars and No Cents."

deposition testimony of appellant's witness Mrs. Phillips, defendant endeavored to call her to the witness stand for cross-examination in lieu of the cross-interrogatories and answers as contained in her deposition; the court sustaining objections to such procedure on authority of Industrial Fabricating Co. v. Christopher, Tex.Civ.App., 220 S.W.2d 281. Plaintiff thereafter rested her case, defendant then calling Mrs. Phillips to the stand "as an adverse witness at this time"; the court overruling objection of plaintiff's counsel that Mrs. Phillips could not be called for such limited purpose; and if called at all, that she was a defendant's witness "for all purposes * * *." After questioning this witness on preliminary matters not in dispute, defendant's counsel proceeded to bring out the fact of a written statement made by her on July 2, 1952 to a man investigating the collision. Mrs. Phillips acknowledged signing the statement which said in part: "I feel the cause of the accident was due to the streets being wet and slick and causing me to slide when applying my brakes" and that "The pickup (truck) was on his right side or east side of the pavement at the time of the impact." The court then permitted defendant to place said statement in evidence (Footnote 2) over plaintiff's objections, in effect, that the procedure had made of Mrs. Phillips a de-

fense witness for all purposes and that defendant could not so bolster or impeach his own witness without a proper predicate. On examination of the witness in turn by plaintiff's counsel, she reiterated that defendant's pickup was on her "one-half side of the street" at time of collision; the court overruling plaintiff's motion to strike all of the testimony (Exhibit 1) just outlined at conclusion of such examination of Mrs. Phillips before the jury.

Points of appeal, in effect, complain of alleged court errors: (1) In ruling "that the witness, Erna O. Phillips, was not the witness of the appellee even though the appellee had placed the witness on the witness stand"; (2) in allowing "the appellee to impeach the witness, Erna O. Phillips, after the witness was placed on the witness stand by the appellee, and was the witness of the appellee"; (3) in allowing "the appellee to impeach the witness, Erna O. Phillips, when no proper predicate had been laid for such impeachment"; (4) in allowing "a written statement previously made by the witness, Erna O. Phillips, to be introduced into evidence as affirmative evidence of the facts set out in the written statement"; (5) in allowing "the appellee to introduce a previous written statement of the witness, Erna O. Phillips, into evidence

2. (The statement, defendant's Exhibit 1, is here quoted in full) "Dallas, Texas, July 2, 1952. My name is Erna Rogge Phillips, age 45, married and live at 3313 Ft. Worth Avenue, Dallas, Texas. On July 1, 1952 at 10:45 A.M. I was driving my car a 1950 Plymouth four door sedan when I was involved in an accident at Cedar Hill and Colorado Boulevard, Dallas, Texas. I was driving east on Colorado and turned right on Cedar Hill in a south direction. A Chevrolet pickup was coming north on Cedar Hill approaching a stop sign. It had been raining and the pavement was wet and slick. I saw this truck approaching Colorado and I put on my brakes and slid sideways. I was turning the car as far as I could but the car slid sideways and did not leave me in full control. The pickup was on his right side or east side of the pavement at the time of the impact. The impact occurred

approximately fifteen (15) feet south of the stop sign on the south side of Colorado Boulevard. I was traveling at a slow rate of speed at the time of the impact. I feel the cause of the accident was due to the streets being wet and slick and causing me to slide when applying my brakes. My daughter Hope Laverne Phillips was injured on the nose. She was treated at the hospital and E.R.P. released. Metha Forbes, my mother, had a chest injury and is hospitalized. Eunice Ward had an injured right knee. She was examined and released from the hospital. I was not injured except for the steering wheel hitting me in the stomach and bruising it some. The police investigated the accident. There was no witnesses to the accident except the people in my car. I have read the above—to the best of my knowledge it is true. Erna Rogge Phillips."

because same was hearsay as to appellants"; and (6) "in not limiting the written statement of Erna O. Phillips introduced into evidence as impeachment evidence against the witness, and in failing to instruct the jury that the statement was to be considered by them for no other purpose." Appellee answers the foregoing points by assuming the opposite thereof; counter-points 5 and 6 asserting no error on part of the court in admitting the Erna Phillips statement because the objection of hearsay was not applicable; that no further error was involved in failing to limit the statement of Erna Phillips to impeachment purposes and in not instructing the jury that the statement should be so limited.

■ Appellants' propositions, thus countered, involve complexities not apparent on first reading; but that defendant's call of Mrs. Phillips to the stand was as his own witness, is clear under the following case holdings: (1) "The fact that a deposition taken by one party is used in evidence by his adversary does not entitle the party who took it to place the witness on the stand for the purpose of cross examination." Industrial Fabricating Co. v. Christopher, Tex.Civ.App., 220 S.W.2d 281, 288, quoting from 44 Tex.Jur. 1143. "The depositions of a witness cannot be blended with or merged into his testimony on the stand in person, and the taking of his depositions and their use by the opposite party from the one who took them does not change or alter a single rule as to the examination of the witness in person. All that is held in the cited case is that when the opposite party introduces depositions not taken by him they become his evidence, and none has· held that when so used the witness can be called for cross-examination as though he had testified in person for the opposite party. It would indeed be a novel practice." Cook v. Denike, Tex.Civ.App., 216 S.W. 437, 440. (2) A witness whose deposition has been introduced by one party and who is subsequently called in person by the adversary party, becomes the witness of the latter if called upon to testify to new matter. Texas Pipe Line Co. v. Higgs, Tex.Civ.App., 243 S.W. 633; Fenner v. American Surety Co., Tex.Civ. App., 156 S.W.2d 279; Clary v. Morgan Motor Co., Tex.Civ.App., 246 S.W.2d 936.

But did defendant's use of Mrs. Phillips as a witness to identify a prior inconsistent statement made by her in writing constitute impeachment of his own witness, and were the contents of said writing (Exhibit 1) admissible in their entirety over the objections made? These questions of law are rather difficult of solution; and ·here appellee's argument in support of the challenged Exhibit and its admissibility may well be stated:

It is the position of appellee that, as stated in 58 Am.Jur., p. 440, end of sec. 793, "if a party takes the deposition of a witness, but does not read it, he may impeach the witness by proving his contradictory statements if the other party reads the deposition." Otherwise stated, that appellants' authorities, Industrial Fabricating Co. v. Christopher and Cook v. Denike, supra, merely prohibit one party from calling a witness in person for cross-examination relative to the subject matter of his deposition testimony; that the rule of such cases was not infringed by calling the witness in person for the purpose of identifying a prior statement which, in turn, was wholly contradictory to her testimony by deposition; in other words, that he, "not being prohibited from calling Erna Phillips in person as long as he avoided examination of her concerning her deposition testimony * * * had the right to employ her as a witness for any legal and competent purpose"; and that one such purpose was impeachment of the Phillips testimony by deposition.

■ At this juncture, it must be observed that appellee's use of Mrs. Phillips for purpose of identifying her prior written statement was not tantamount to an impeachment of counsel's own witness; her oral testimony, as elicited on direct examination, being in no wise con--

tradictory to the contents of Exhibit 1. In course of its identification Mrs. Phillips testified in part:

"Q. And in that statement you have stated as best you could how the accident occurred, didn't you? A. Yes, sir, as far as I knew at that time.

"Q. As far as you knew. And that is your signature on that statement? A. Yes, sir; that is my signature. * * *

"Q. And you, of course, told him what you knew about how the accident happened, didn't you? A. As far as I knew at that time; yes."

Obviously, however, the foregoing evidence was wholly contradictory of the Phillips testimony by deposition as vouched for by plaintiff in connection with her prima facie case. "Evidence is admissible tending to contradict the testimony already admitted by the witnesses of the other side." Daggett v. Wolff, Tex.Civ. App., 44 S.W.2d 1063 at page 1067. Notes 6–10. Fort Worth & D. C. R. v. Yantis, Tex.Civ.App., 185 S.W. 969 at page 973 (writ ref.).

■■■ But appellant contends that no proper predicate was laid for the introduction of the prior written statement of Erna Phillips; having in mind the usual method of impeachment—that the witness should be faced with the time, place and language used relative to any prior contradictory statements, with opportunity of explanation. Thompson v. Denham, Tex. Civ.App., 250 S.W.2d 460. The mentioned procedure is with particular reference to a prior *oral* statement, but as to documentary evidence (letters, affidavits, and writings), a proper predicate may consist of a due authentication of the paper and tender as contradictory matter, if deemed so in its entirety; the witness in such connection being afforded full opportunity to explain inconsistencies, if any. Cross v. McKinley, 81 Tex. 332, 16 S.W. 1023; Burleson v. Collins, Tex.Civ.App., 28 S.W. 898; Morgan v. Fleming, 63 Tex.Civ.App. 432, 133 S.W. 736; Beaty v. Yell, 133 S.W. 911; Jordan v. Johnson, Tex.Civ. App., 155 S.W. 1194; Kampmann v. Cross, Tex.Civ.App., 194 S.W. 437 (writ ref.), W. O. W. Life Ins. Soc. v. Dickson, Tex. Civ.App., 133 S.W.2d 243; International Forwarding Co. v. Schodts Motors, Tex. Civ.App., 216 S.W.2d 249.

■■■ Likewise, Exhibit 1 was not offered for its testimonial value but for impeachment purposes only, i. e., as affecting credibility of the Phillips' testimony by deposition, but no objection was made on that ground or request that the impeaching matter be so limited. A proper predicate had been laid and in absence of objection to those portions of the Exhibit not directly inconsistent with the deposition testimony or motion for limitation thereof to impeachment in such connection, appellant is in no position to complain of its admission under the facts and circumstances here related. Kampmann v. Cross, supra, and authorities there cited; Barber v. Anderson, Tex.Civ.App., 127 S.W.2d 358. And when a prior contradictory writing is thus offered for avowed purpose of impeachment, "that it was hearsay was not a sound objection· to its introduction." Galveston H. & S. A. R. Co. v. Jackson, 93 Tex. 262, 54 S.W. 1023, 1024; Texas Indemnity Ins. Co. v. Alexander, Tex.Civ.App., 174 S.W.2d 109.

We conclude that the court ruling hereinabove discussed was not such as to constitute reversible error, with result that the judgment under review must be affirmed.